STATE v. HENRY ADAMS.

(Filed 31 December, 1926.)

**Certiorari — Habeas Corpus — Fugitives From Justice — Requisitions— Judgments—Appeal and Error—Review.**

Where the Governor of this State has passed upon and allowed a requisition of the Governor of another State for a fugitive from justice who has there been convicted of crime, and in proceedings in *habeas corpus* there is no valid defense made to the judgment concerning which the requisition had been made and allowed, a *certiorari* will be denied in the Supreme Court to bring the proceedings had below up for review.

PETITION for *certiorari,* in lieu of appeal, to review judgment of *Barnhill, J.,* rendered 14 August, 1926, at Rocky Mount, on return to writ of *habeas corpus,* refusing to discharge the petitioner from custody.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*John L. Bridgers and Henry C. Bourne for petitioner.*

STACY, C. J. The petition made to this Court for a *certiorari,* is based on the following material allegations:

1. That in July, 1926, the petitioner was convicted in the State of Georgia of violating the prohibition law, and, by way of punishment,

was given ten days within which to pay a fine of $150.00 and costs, failing in which he was to serve a term of six months on the county roads of Chattooga County. Being unable to raise said fine, the petitioner departed from the State of Georgia and came to North Carolina, intending to remain here permanently and to make his home in this State.

2. That a requisition for the extradition of the petitioner was duly made by the Governor of the State of Georgia upon the Governor of this State, and after a hearing before the Governor of North Carolina, said requisition was honored and a warrant of extradition duly issued for the petitioner and delivered to the agent of the State of Georgia.

On the hearing before Judge Barnhill, it was admitted "that the said requisition papers are regular and in proper form." Upon this admission, petitioner's application for discharge from custody was denied.

Other allegations are set out in the petition with respect to the manner in which the petitioner was arrested and held·prior to the issuance of the extradition warrant by the Governor, but these, it would seem, are no longer material in view of the admission made on the hearing and incorporated in the judgment refusing to discharge the petitioner.

While the petitioner's first allegation is couched in soft language, nevertheless it is to the effect that he is a "fugitive from justice" within the meaning of the law. *In re Sultan,* 115 N. C., 57; *S. v. Hall, ibid.,* 817. The petitioner neither denies his identity nor challenges the sufficiency of the charge. 11 R. C. L., 734 *et seq.* That he was properly convicted of a crime in the State of Georgia is conceded. Hence, it appears that the judgment refusing to discharge the petitioner is correct. His application for *certiorari* to review the judgment must be denied. For a general discussion of the questions sought to be presented, see *Robb v. Connolly,* 111 U. S., 624.

*Certiorari* disallowed.