IN RE M. M. VEASEY.

(Filed 20 February, 1929.)

1. **Extradition—Grounds Therefor and Defenses—Charge of Crime and Fugitive from Justice—Habeas Corpus.**

    One who is sought to be extradited may contest the validity of the extradition proceedings on writ of *habeas corpus* by showing as a matter of law from the requisition papers and the accompanying indictment and affidavit of the demanding state that he is not charged with a crime in the demanding state; and also as a matter of fact to be determined by the evidence that he is not a fugitive from justice therefrom.

2. **Same—Requisition and Governor's Warrant—Constitutional Law.**

    Where the governor of one state receives the requisition for a fugitive from another state who has violated the criminal laws of the latter state, it is his duty to issue a warrant of arrest for the fugitive if the requisition papers are in proper form. Art. IV, sec. 2, Federal Constitution; U. S. Revised Statutes 1918, sec. 10126.

**3. Same—Requisites of Requisition Papers.**

The warrant of the governor of the asylum state for the arrest of one for extradition should disclose upon its face that a demand has been made by the governor of the demanding state for the party in custody as a fugitive that the demand was accompanied by a copy of the indictment or affidavit charging him with the commission of the crime within the demanding state; that the copy of the indictment or affidavit was certified as authoritative; that the person demanded is a fugitive from justice.

**4. Same—Innocence.**

One whose extradition is sought may not resist the extradition by proof in *habeas corpus* proceedings of his innocence of the offense charged.

**5. Appeal and Error—Review—Burden of Showing Error—Extradition.**

Upon *certiorari* from the Supreme Court in *habeas corpus* proceedings in matters of extradition, the burden is on the party alleging error in the judgment of the lower court to show it, and when it does not appear of record that the petitioner had been charged with crime by and within the state of demand, the judgment of the lower court that the prisoner be discharged will be upheld.

APPLICATION by the State of Georgia and the State of North Carolina for *certiorari* to review judgment of *Moore, Special Judge,* rendered 16 June, 1928, in the Superior Court of BERTIE, on return to writ of *habeas corpus* in which M. M. Veasey, sought to be held as a fugitive from justice from the State of Georgia, was discharged from custody, it being found upon the hearing, in substance: (1) That the prosecution was not instituted in good faith, but for the purpose of collecting a debt; (2) that the accused had committed no crime in the State of Georgia, and (3) that he was not a fugitive from the justice of said state.

It appears from the record that the petitioner, M. M. Veasey, was arrested on a warrant issued by P. T. Perry, a justice of the peace of Bertie County, charging him, under C. S., 4550, with having uttered a worthless check in the State of Georgia, contrary to the criminal laws of that state, and with being a fugitive from the justice of the said state.

Pending a hearing upon said warrant, the defendant therein sued out a writ of *habeas corpus* to test the validity of his arrest and restraint of liberty, and "while in the process of this *(habeas corpus)* hearing, J. W. Cooper, sheriff of Bertie County, in open court, served extradition warrant, issued by the Governor of North Carolina, upon the same charge as contained in the said warrant of P. T. Perry, justice of the peace," etc.

To review the order of discharge, upon the grounds above stated, application for writ of *certiorari* was duly filed in the Supreme Court, and writ ordered to issue.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*J. Elmer Long for State of Georgia.*

*Craig & Pritchett and J. B. Davenport for M. M. Veasey.*

STACY, C. J. The petitioner, M. M. Veasey, was arrested under C. S., 4550, which provides that any Justice of the Supreme Court, or any judge of the Superior Court or of any criminal court, or any justice of the peace, or mayor of any city, or chief magistrate of any incorporated town, on satisfactory information laid before him that any fugitive or other person in the State has committed, out of the State and within the United States, any offense which, by the law of the state in which the offense was committed, is punishable either capitally or by imprisonment for one year or upwards in any state prison, has full power and authority, and is required, to issue a warrant for such fugitive or other person and commit him to any jail within the state for the space of six months, unless sooner demanded by the public authorities of the state wherein the offense may have been committed, pursuant to the act of Congress in that case made and provided, and if no such demand be made within that time the person arrested is entitled to be liberated, unless sufficient cause be shown to the contrary.

It was on a warrant, issued by virtue of this statute, that the petitioner was held at the time he sued out a writ of *habeas corpus*.

Upon the findings made by his Honor below, and the conclusions drawn therefrom, we are of opinion that no error was committed in the order of discharge from arrest under the warrant issued by P. T. Perry, justice of the peace.

It appears, however, that during the *habeas corpus* proceeding, the sheriff of Bertie County, in open court, served upon the petitioner an extradition warrant issued by the Governor of North Carolina for the arrest of the accused on the same charge as that contained in the warrant of the justice of the peace.

Application for writ of *certiorari* was made to this Court to review the action of the judge in not holding the accused under the extradition warrant of the Governor, but this warrant is not in the record and apparently it was not offered on the hearing as the sheriff's authority for holding the accused.

One who is sought to be extradited may contest the validity of the extradition proceedings on writ of *habeas corpus* by showing (1) that he is not charged with a crime in the demanding state, or (2) that he is not a fugitive from the justice of the demanding state. Both of these are jurisdictional matters, and, if the accused can establish either, he is entitled to be discharged from custody. The first is a question of law

to be determined upon the face of the requisition and the indictment or affidavit accompanying it, the law of the demanding state, of course, furnishing the test, while the second is a question of fact which, when controverted, may be established by evidence like any other disputed fact. *Com. ex. rel. Flower v. Supt. of Prison,* 220 Pa., 401, 69 Atl., 916, 21 L. R. A. (N. S.), 939; *S. v. Adams,* 192 N. C., 787, 136 S. E., 116.

On receipt of a requisition in proper form, it is the duty of the governor of the asylum state, under the Federal Constitution (Art. IV, sec. 2) and act of Congress (U. S. Comp. Stat., 1918, sec. 10126), to issue his warrant for the arrest of the accused. This, when challenged on *habeas corpus* proceeding, should disclose on its face: (1) That a demand by the executive has been made for the party in custody as a fugitive from justice, and that the demand is accompanied by a copy of the indictment or affidavit, charging him with having committed a crime within the demanding state; (2) that the copy of such indictment or affidavit was certified as authentic by the governor of the state making the demand; and (3) that the person demanded is a fugitive from justice. *Roberts v. Reilly,* 116 U. S., 80; *Ex parte Reggel,* 114 U. S., 642.

It is the generally accepted rule that an accused, held in the asylum state on an extradition warrant, issued pursuant to the requisition of the executive of the demanding state, cannot defeat his extradition by proof, on *habeas corpus* proceeding, of his innocence of the charge for which it is sought to extradite him, since the right to extradite does not depend on guilt, but on flight from charge of guilt. *Ex parte Larney,* 4 Ohio N. P., 304. Thus, it is the holding in many jurisdictions that the courts of the asylum state will not, on *habeas corpus* hearing, inquire into the guilt or innocence of the accused. This is a matter for the courts of the demanding state. *Drew v. Shaw,* 235 U. S., 432; *Munsey v. Clough,* 196 U. S., 364; Note, 21 L. R. A. (N. S.), 939.

In the instant proceeding the learned judge may have assigned, in part at least, the wrong reason for his judgment, if the extradition warrant were considered by him, but as the record fails to show any criminal charge against the accused in the State of Georgia—the requisition papers not having been sent up—we cannot say that the error, if any, is reversible.

On *certiorari,* as well as on appeal, the party who alleges error must show it. It is not presumed. *Jones v. Candler, ante,* 382.

Affirmed.