**FRANK A. THOMPSON v. L. R. BAKER,** Sheriff of Palm Beach County, Florida.

17 So. (2nd) 298
March 21, 1944
Rehearing Denied April 12, 1944

January Term, 1944
Special Division A

*Clyde Trammell* and *E. M. Byrnes,* for appellant.

*J. Tom Watson,* Attorney General, *Lawrence A. Truett,* Assistant Attorney General, for appellee, *Caldwell & Parker,* for State of Illinois, Amicus Curiae.

ADAMS, J.:

The State of Illinois sought to extradite appellant under authority of 18 U.S.C.A. Sec. 662. Appellant seeks by habeas corpus to show that he is not a fugitive because it appears from the record that he has violated no law of Illinois. He was remanded to custody by the circuit judge and we review that order.

The record before the Court reveals that appellant was indicted in the State of Illinois of the crime of a "Confidence Game." This indictment charged a crime under the Illinois law. In seeking extradition the State of Illinois submitted a certified copy of the indictment and also an affidavit of the principal state witness. The affidavit showed on its face that no crime was committed under the Illinois law. The indictment was dated January 4, 1944. The affidavit was dated January 10, 1944.

The question is whether we may in this proceeding visit the invalidity of the affidavit upon the indictment and thereby determine whether a crime has been charged under the Illinois law. The affidavit was unnecessary in that it was not

required by law. It was not for the purpose of charging a crime and served no useful purpose other than to possibly identify the accused. Certainly affiant had no authority to nullify the solemn indictment of the grand jury. A similar case is that of In re Greenough, 31 Vt. 279; see also Ryan v. Rogers, 21 Wyo. 311, 132 Pac. 95. The essential requisites for extradition were fully set forth in our opinion, Chase v. State of Florida, 93 Fla. 963, 113 So. 103.

Finding no error in the judgment, the same is affirmed.

BUFORD, C. J., CHAPMAN and SEBRING, JJ., concur.