**STATE OF FLORIDA, ex rel. COSTA LJUNGDAHL v. JIMMY SULLIVAN, as Sheriff of Dade County, Florida.**

21 So. (2nd) 713.                          January Term, 1945
April 17, 1945                             Special Division B

*G. A. Worley* and *Jack Kehoe,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, and *Fred J. Munder,* District Attorney of Suffolk County, New York and *Henry Tasker,* Assistant District Attorney of Suffolk County, New York, for appellee.

BUFORD, J.:

Warrant of rendition having been issued by the Governor of Florida in Extradition proceedings instituted by the State of New York in re Costa Ljungdahl, the appellant sued out writ of habeas corpus in the Circuit Court of Dade County, Florida, challenging the sufficiency of the involved indictment to substantially charge a criminal offense.

On return and hearing, the circuit court remanded petitioner and, thereupon, he perfected his appeal to this Court seeking the reversal of the judgment of remand.

The material part of the indictment is as follows:

"The Grand Jury of the County of Suffolk, by this indictment, accuse Ellen Norma Ljundahl Scharf and Costa Ljungdahl of the following crime: subornation of perjury in the first degree.

## FIRST COUNT

"Defendants on or about the 24th day of May, 1943, at Riverhead, Town of Riverhead, Suffolk County, New York, committed the crime of subornation of perjury in the first degree, contrary to Penal Law, Section 1632."

It appears to be settled beyond question that in Extradition proceedings the sufficiency of the indictment is to be tested by the law of the demanding State. If the indictment, though inartificially drawn, substantially charges the alleged fugitive from the commission of a crime under the laws of

the demanding state, it is sufficient. See Pierce v. Creecy, 210 U. S. 387, 28 Sup. Ct. 714, 52 L. Ed. 1113.

The form of indictment as used in this case has been held sufficient to substantially charge a criminal offense under the laws of the State of New York. See People v. Bogandoff, et al., 254 N. Y. 16, 171 N. E. 890, 69 A.L.R. 1378; People v. Farley, 298 N. Y. Sup. 876, affirmed by Court of Appeals, 277 N. Y. 617, 14 N. E. (2nd) 190.

The judgment is affirmed.

So ordered.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.

CHAPMAN, C. J., concurring specially:

The legal sufficiency of an indictment among other questions was involved in the extradition proceedings of Thompson v. Sheriff Baker reported in 154 Fla. 303, 17 So. (2nd) 228. I, therefore, concur in the opinion and judgment as prepared by Mr. Justice BUFORD in the case at bar.