[Crim. No. 1536.   Third Appellate District.—November 12, 1936.]

In the Matter of the Application of FRANK F. HARPER for a Writ of Habeas Corpus.

Charles Reagh and T. F. Peterson for Petitioner.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Petitioner here, in the state of Oregon, was charged with the crime of attempting to obtain property by false pretenses, and in order to avoid prosecution fled from Oregon to California. He was arrested in the county of Del Norte upon the request of the executive authority of Oregon, and the Governor of this state directed that petitioner be delivered into the custody of a representative of the state of Oregon and returned for trial. He now seeks his release by this writ of *habeas corpus* and as ground thereof asserts first, that the allegations in support of the demand for extradition do not state facts sufficient to show the commission of any crime, for the reason that the check which was the basis of the charge, was never presented for payment to the bank on which it was drawn, and secondly, that petitioner was guilty of nothing more than a preparation to commit a crime.

The answer to these contentions is adverse to appellant. It is not necessary in order to prove the fictitious or forged character of the check by evidence that it was presented to the bank and returned unpaid, for the testimony of the officers of the bank that the maker of the check had no account with the bank upon which the check was drawn is *prima facie* evidence of the fictitious character of the check (*People* v. *Menne,* 4 Cal. App. (2d) 91 [41 Pac. (2d) 383] ; *People* v. *Sheridan,* 136 Cal. App. 675 [29 Pac. (2d) 464]), and as to the second point that the petitioner was guilty of merely a preparation to commit a crime it appears that petitioner undertook to purchase a car from the complaining witness, gave him in payment thereof the check in question and was prevented from actually driving the car away because owing to the lateness of the hour it was impossible to get a license from the proper authorities to operate the car. This shows more than mere preparation to commit the act. Petitioner had done everything that he was called upon to do, as far as the complaining witness was concerned, to consummate the crime.

However, a complete answer to the contention of petitioner is that we are not concerned with the question of his guilt or innocence. (*In re White,* 55 Fed. 54; *In re Bruchman,* 28 N. D. 358 [148 N. W. 1052] ; *Ex parte Swearingen,* 13 S. C. 74, 80; *People* v. *Murray,* 357 Ill. 326 [192

N. E. 198, 94 A. L. R. 1487] ; *People* v. *McLaughlin,* 247 N. Y. 238 [160 N. E. 357] ; *Chase* v. *State,* 93 Fla. 963 [113 So. 103, 54 A. L. R. 271] ; *In re Veasey,* 196 N. C. 662 [146 S. E. 599] ; *Black* v. *Miller,* (C. C. A. Cal.) 59 Fed. (2d) 687.)

Our function is to determine whether or not petitioner is substantially charged with a crime against the laws of the demanding state. In *In re Shoemaker,* 25 Cal. App. 551 [144 Pac. 985], the court, quoting with approval from *Roberts* v. *Riley,* 116 U. S. 80 [6 Sup. Ct. 291, 29 L. Ed. 544], said:

"It must appear to the governor of a state to whom such a demand is presented, before he can lawfully comply with it: 1. That the person demanded is substantially charged with a crime against the laws of the state from whose justice he is alleged to have fled by an indictment or an affidavit certified or authenticated by the governor of the state making the demand; and, 2. That the person demanded is a fugitive from the justice of the state the executive authority of which makes the demand. The first of these prerequisites is a question of law and is always open upon the face of the papers to judicial inquiry, on an application for a discharge under a writ of *habeas corpus.*"

From an examination of the requisition and a copy of the statute attached to the return, with the violation of which petitioner is charged, it is apparent that petitioner is so substantially charged. We do not need to inquire into the facts constituting the guilt or innocence of the petitioner. (*In re Thurber,* 37 Cal. App. 571 [174 Pac. 112] ; 12 Cal. Jur. 401.)

Finding, therefore, as we do, that petitioner has been legally charged with a crime recognized by the laws of the state of Oregon, the writ must be discharged and the petitioner remanded to the custody of respondent, to be by him delivered to an authorized agent of the demanding state. It is so ordered.

Plummer, J., and Thompson, J., concurred.