# MAY 26, 1937

### EX PARTE CHESTER B. COMBS.

No. 19128.   Delivered May 26, 1937.

The opinion states the case.

*W. C. Graves,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—On the 28th day of November, 1936, appellant applied to the Judge of the Criminal District Court Number Two of Dallas County, for a writ of habeas corpus, and prayed that upon a hearing thereof he be released from custody of the sheriff who was holding him by virtue of the following executive warrant:

"Whereas, It has been made known to me by the Governor of the State of California that Chester B. Combs stands charged by complaint and warrant before the proper authorities, with the crime of rape and violation probation on assault charge committed in said State and that the said defendant has taken refuge in the State of Texas and Whereas the said Governor in pursuance of the Constitution and Laws of the United States, has demanded of me that I cause the said fugitive to be arrested and delivered to Vernon C. Miller who is as is satisfactorily shown duly authorized to receive him into custody and convey him back to said State and Whereas, said demand is accompanied by copy of said complaint and Warrant duly certified as authentic by the Governor of said State" * * *

Attached to the requisition warrant is a certified copy of the complaint and also a certified copy of an affidavit charging the accused with the offense of rape. Appellant's main contention seems to be that the executive warrant was issued without

sufficient evidence and papers upon which to base it. The testimony adduced at the hearing of the writ of habeas corpus is not before us; hence the presumption prevails that the trial court had sufficient evidence to justify the order remanding appellant. The executive warrant shows upon its face that it was issued upon a certified copy of a complaint charging appellant with having committed the offense of rape in the demanding State. The words "complaint" and "affidavit" have been regarded by this court as synonymous. See Ex parte Gordon, 37 S. W. (2d) 1023; Ex parte White, 39 Texas Crim. Rep., 497. However, in all extradition cases where the executive warrant shows that the fugitive stands charged by indictment, affidavit, or complaint, in the absence of any showing to the contrary, the presumption prevails that the Governor's warrant justified the arrest of the fugitive. See Ex parte Nix, 85 Texas Crim. Rep., 307, 212 S. W., 507; Ex parte Rosallee, 87 Texas Crim. Rep., 470, 222 S. W., 248.

In the instant case the Governor's warrant is regular upon its face. The burden of proof rested upon appellant to overcome the presumption in favor of the accuracy of the recitals in the warrant. This burden the appellant has failed to discharge. See Ex parte Bergman, 130 S. W., 174; Ex parte Jones, 199 S. W., 1110; Ex parte Haynes; 267 S. W., 490; Ex parte Ponzi, 290 S. W., 170.

Finding nothing in the record which would demand a reversal of the order of the trial court remanding appellant to the custody of the duly authorized agent of the State of California, to be taken back to said State, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.