*In re* PETITION OF MOLISAK.

1. CERTIORARI—HABEAS CORPUS—REVIEW OF EVIDENCE.

On certiorari from denial of *habeas corpus,* the Supreme Court does not pass upon the weight of the evidence but examines the evidence to note whether the finding of the court was supported by any credible evidence.

2. SAME—HABEAS CORPUS—EVIDENCE—ALIBI—IDENTIFICATION BY COMPLAINING WITNESS—POLICE RECORD.

On certiorari to review *habeas corpus* proceeding, instituted on behalf of one detained for extradition on charge of embezzlement in Ohio, trial court's rejection of alibi *held,* supported by testimony of complaining witness who positively identified petitioner; it being immaterial whether or not accused's police record was admissible in such proceeding.

3. EXTRADITION—SUFFICIENCY OF COMPLAINT—EMBEZZLEMENT.

Complaint on charge of embezzlement in Ohio, which followed the Ohio statute, averring that petitioner for *habeas corpus,* as agent of complaining witness, did fraudulently embezzle and convert to his own use a specified sum which came into his possession by virtue of his employment as agent by said complaining witness *held,* fairly to import the money was owned by the complaining witness and a sufficient basis for rendition of petitioner in extradition proceedings (Throckmorton's Annotated Ohio Code [Baldwin's 1934 Rev.], § 12467).

4. SAME—STATUTES—DEMAND—SUFFICIENCY.

Demand for extradition consisting of Ohio prosecuting attorney's application to his governor, setting forth the making of the complaint, the issuance of a warrant, and to which was annexed the affidavit of complaining witness setting up the time, place, and circumstances of the alleged commission of the crime, *held,* a sufficient compliance with statute relative to extradition (Act No. 144, § 3, Pub. Acts 1937).

Appeal from Wayne; Brennan (Vincent M.), J. Submitted September 20, 1939. (Docket No. 129, Calendar No. 40,299.) Decided November 9, 1939.

Petition for writ of *habeas corpus* by John Molisak to the circuit court of Wayne county to procure his release from custody of the sheriff of Wayne county. Petition denied. Petitioner reviews by appeal in the nature of certiorari. Affirmed.

*Harry J. Lippman* (*Leslie D. Bloom,* of counsel), for petitioner.

*Thomas Read,* Attorney General, *Duncan C. McCrea,* Prosecuting Attorney, and *William L. Brunner* and *John L. Bannigan,* Assistant Prosecuting Attorneys, for the people.

WIEST, J. In compliance with the provisions of Act No. 144, Pub. Acts 1937 (Comp. Laws Supp. 1937, § 17512–1 *et seq.,* Stat. Ann. 1939 Cum. Supp. § 28.1285[1] *et seq.*), known as the uniform criminal extradition act, the governor of the State of Michigan, on June 20, 1938, issued his warrant for the arrest of John Molisak as an alleged fugitive from justice from the State of Ohio.

In the State of Ohio a complaint and warrant charged Molisak with the crime of embezzlement and the governor of that State demanded his rendition. Rendition was granted. Thereupon, on June 21, 1938, Molisak, by his attorney, petitioned the Wayne circuit court for writ of *habeas corpus,* alleging that he was never in the city of Cleveland, Ohio, where the embezzlement was charged to have been committed on May 29, 1931, and denied being the John Molisak sought in the extradition proceeding.

At the hearing on the petition in the Wayne circuit, May Sherman was a witness and positively

identified Molisak as the man who embezzled $2,000 in money she handed to him at her home in Cleveland, Ohio, on May 29, 1931. Six witnesses in behalf of Molisak testified that he was at his mother-in-law's farm, near Pinconning, Michigan, May 29, 1931, and for some days before and after that date.

The court, over objection, admitted Molisak's police record in evidence. The court found the alibi not established, and review by appeal in the nature of certiorari is here prosecuted.

In this review we do not pass upon the weight of the evidence, only making an examination to note whether the finding of the court was supported by any credible evidence. The court believed the complaining witness; and we cannot decide the issue of alibi otherwise in this review. Whether petitioner's police record was admissible or not is of no decisive moment.

Counsel for petitioner claims the complaint made in Ohio did not sufficiently charge the crime of embezzlement in that it did not state whose money was taken.

The complaint averred that John Molisak, on May 29, 1931, at the county of Cuyahoga, as the agent of May Sherman, did fraudulently embezzle and convert to his own use the sum of $2,000, which came into his possession by virtue of his employment as agent by said May Sherman, contrary to the statute, et cetera. The charge followed the Ohio statute, Throckmorton's Annotated Code (Baldwin's 1934 Rev.), § 12467, and fairly imports that the money was owned by May Sherman. Upon the subject of examination into an alleged crime in this kind of a proceeding, see *Dragisick* v. *Judge of Recorder's Court of the City of Detroit*, 195 Mich. 112.

Act No. 144, § 3, Pub. Acts 1937 (Comp. Laws Supp. 1937, § 17512–3, Stat. Ann. 1939 Cum. Supp. § 28.1285[3]), provides:

"No demand for extradition of a person charged with a crime in another State shall be recognized by the governor unless in writing, accompanied by the following papers:     *     *     *

"Prosecutor's application for requisition for the return of a person charged with crime, wherein shall be stated:     *     *     *

"(c)   The approximate time, place and circumstances of its commission."

Petitioner claims that this was not complied with in that the approximate time, place and circumstances of the commission of the alleged crime were not given.

The prosecuting attorney of Cuyahoga county, in his application to the governor of Ohio, set forth the making of the complaint, the issuance of a warrant, and annexed thereto the affidavit of May Sherman, setting up the time, place and circumstances of the alleged commission of the crime.

The mentioned statute does not require a statement of the evidence.   We find no merit in the point.

Review of this proceeding discloses no error, and the order of the circuit court, refusing discharge of petitioner from custody, is affirmed.

Butzel, C. J., and Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.