498

THE PEOPLE *ex rel.* Lawrence Gates, Appellant, *vs.*
MICHAEL F. MULCAHY, Sheriff, Appellee.

*Opinion filed January 23, 1946.*

WM. SCOTT STEWART, of Chicago, for appellant.

GEORGE F. BARRETT, Attorney General, and WILLIAM J.
TUOHY, State's Attorney, of Chicago, (EDWARD E. WIL-
SON, JOHN T. GALLAGHER, MELVIN S. REMBE, JOSEPH A.
POPE, and JAMES V. CUNNINGHAM, all of Chicago, of
counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellant, Lawrence Gates, was arrested by the sheriff of Cook county on a rendition warrant issued by the Governor of Illinois on the requisition of the Governor of California. A writ of *habeas corpus* was issued by the criminal court of Cook county on the petition of appellant on the ground that the extradition papers did not substantially charge a crime against appellant in California, and that the affidavit upon which the requisition was made was insufficient to charge a crime. A hearing was had in the criminal court and the writ dismissed, and appellant remanded to the custody of the sheriff.

The case was heard upon the requisition of the Governor of California accompanied by a complaint and affidavit charging burglary, and some supporting papers. The complaint charges Lawrence Gates did willfully and unlawfully enter the building known as Richfield Service Station, operated by A. R. Krussell, located in the City of Mill Valley, County of Martin, State of California, with intent then and there and therein to willfully and feloniously commit theft. It also contained another charge of burglary on the same day of another building. This complaint and affidavit are signed by an individual, and sworn to before a justice of the peace. It is accompanied by a certificate of the justice of the peace showing the matter annexed to the application is a true copy, and there is also a certificate of the county clerk that the justice of the peace certifying is duly elected and qualified and authorized to administer oaths; and likewise, the certificate of the judge of the superior court that the person signing as county clerk is genuine, and that he is a proper person to execute the certificate according to the law of California. The Governor certifies that burglary is a crime in the State of California, and punishable by imprisonment in the penitentiary.

In addition to the complaint charging burglary there is also a separate affidavit of a police officer of the city of Mill Valley, who states that in the course of his work he observed a window broken in the place claimed to have been burglarized, and upon examination the appellant came from the inside, and ran from the building; and further that the station was being operated by the person mentioned in the complaint for warrant.

The first objection made is that the complaint certified to the Governor of Illinois bore no signature, and therefore is insufficient. The complaint annexed to the requisition purports to be signed by Joe Canet, and sworn to before the justice of the peace. The point is made that the signatures attached to the complaint are typewritten. Counsel overlooks that the requisition of the Governor of California certifies that annexed thereto are copies of the complaint and supporting papers; and also overlooks that the Federal statute provides that requisitions may be granted when a *copy of an affidavit* made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, is certified as authentic by the Governor or chief magistrate. U.S.C.A. Title 18, sec. 662.

It is also contended the Federal statute does not provide that requisition can be granted upon a complaint. While the instrument sworn to by Canet is entitled "complaint," it is sworn to, and obviously is no less an affidavit, if properly sworn to and certified, merely because it is a legal step preliminary to the issuance of a warrant of arrest. In addition to the foregoing there is the affidavit of the policeman. Complaint is made that the affidavit is insufficient because it does not state the policeman knew who was the owner of the building burglarized. The statute does not require that all of the elements of the crime be known by the person making the affidavit, but only enough to disclose the commission of a crime. The

statute does not require the affiant to have personal knowledge of the facts known to all of the witnesses who may be used upon the trial any more than it requires the testimony of the witnesses called before a grand jury in addition to the indictment upon which requisition may be granted.

It is also contended the justice of the peace did not act upon the complaint because there is a blank at the bottom of the paper upon which the complaint is made. This appears to be only a form for fixing the amount of bail. However, there is a separate instrument designated "warrant of arrest," signed by the justice of the peace, requiring any officer to arrest Lawrence Gates for the offense of felony, to-wit: burglary, two counts. We do not regard the issuance or failure to issue a warrant as material, for the Federal statute requires no more than the affidavit. We think this point made by appellant is without substance.

It is also said the complaint is insufficient to charge a crime. The complaint charges appellant with burglary in violation of section 459 of the penal code of California by willfully and unlawfully entering a building with intent to willfully and feloniously commit theft. This is not only certified to be a felony by the Governor, but is likewise sufficient to charge a felony at common law. Even were there merit in this objection, the police officer in his supporting affidavit says he saw the place where the building had been entered, saw the defendant flee, recognized him, and found his automobile with a part of the stolen goods in it. All of these papers are attached to the requisition of the Governor of California. Upon this requisition and accompanying documents the Governor of Illinois executed his rendition warrant.

It is the law that the Governor's warrant makes a *prima facie* case, and the burden of proof is then upon the petitioner to show the proceedings are illegal. (*People ex rel. Moore* v. *Wirz,* 349 Ill. 80; *People ex rel. Mack*

v. *Meyering,* 355 Ill. 456.) We have several times held that affidavits certified to by the Governor of the demanding State are to be considered by the court on a hearing for *habeas corpus* after arrest on the Governor's warrant. *People ex rel. Buxton* v. *Jeremiah,* 364 Ill. 274; *People ex rel. Chevlin* v. *O'Brien,* 372 Ill. 640.

The appellant did not testify. We are of the opinion that not only was the complaint sufficient, but that it substantially charged a crime, and that the objections are without foundation. Such a rigid interpretation of the requirements of the extradition statute is not confirmed by anything suggested in the brief of counsel for appellant.

The judgment of the criminal court of Cook county, remanding appellant to the custody of the sheriff, is affirmed.

*Judgment affirmed.*