357 P.2d 940

In re MARTZ, Petitioner-Appellant.

No. 8827.

Supreme Court of Idaho.

Dec. 21, 1960.

Coughlan, Imhoff & Shepard, Boïse, for appellant.

Frank L. Benson, Atty. Gen., William E. Swope, Jedd G. Owens, Asst. Attys. Gen., Louis H. Cosho, Pros. Atty., Boise, for respondent.

TAYLOR, Chief Justice.

Pursuant to demand made by the Governor of California, rendition warrant was issued by the Governor of Idaho for the arrest of petitioner (appellant) and for his delivery to an authorized agent of the state of California. The governor's warrant recites as follows:

"Whereas, His Excellency, Edmund G. Brown, Governor of the State of California has made a requisition upon me, duly authenticated, in accordance with the laws of said State of California showing that one James William Martz stands charged by the Complaint found in the County of San Diego in said state with the crime of Failure to Provide for Minor Child and that the said James William Martz is a fugitive from the justice of said State of California and that he has taken refuge in the State of Idaho."

Petitioner, after arrest upon the warrant, was granted a writ of habeas corpus by the district court. The sheriff attached to his return copies of the documents making up the application for requisition and of the demand made by the Governor of California. In his answer to the return petitioner alleges "that his detention is unlawful in that procedure for extradition as required by 18 U.S.C.A., Section 3182, has not been complied with."

In his brief herein petitioner contends that "An extradition warrant must be sufficient upon its face. The Court may look only to the warrant itself and, unless it recites or sets forth the indictment information or the affidavit upon which it is founded, it is illegal and void." and "Charges in extradition proceedings based upon a complaint sworn to before a justice of the peace or municipal court and not on an indictment is unauthorized and a warrant of extradition should not issue."

We have held that the right of interstate extradition and the procedure therefor are governed by federal law and that the federal law thereon is supreme. Application of Williams, 76 Idaho 173, 279 P.2d 882. See also, Ex parte Roberts, 186 Wash. 13, 56 P.2d 703; State v. Parrish, 242 Ala. 7, 5 So.2d 828; Bishop v. Jones, 207 Miss. 423, 42 So.2d 421. The pertinent part of the federal statute is as follows:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, * * *" 18 U.S. C.A. § 3182.

The rendition warrant must show on its face that the requirements of the law have been fulfilled; namely (1) that the accused has been demanded as a fugitive from justice by the executive of the state from which he fled; (2) that he stands charged with the commission of a crime in that state; (3) that a copy of an indictment, or affidavit made before a magistrate, containing the charge, is presented with the requisition, duly certified as authentic. Annotation 89 A.L.R. 595. Such recitals are presumed to be true, and a warrant valid on its face is prima facie sufficient authority for the officer to arrest and deliver the accused. Ex parte Haynes, 98 Tex.Cr.R. 609, 267 S.W. 490; Ex parte Combs, 132 Tex. Cr.R. 500, 105 S.W.2d 1096; Ex parte No-

**76**

ble, 151 Tex.Cr.R. 1, 198 S.W.2d 893; State ex rel. Huston v. Clark, 121 Fla. 161, 163 So. 471; State ex rel. Florio v. McCreary, 123 Fla. 9, 165 So. 904; Lacondra v. Hermann, 343 Ill. 608, 175 N.E. 820, at page 823; Annotation 40 A.L.R.2d 1151.

The alleged fugitive may question the truth or sufficiency of the recitals in the warrant, or the authority for its issuance, by proceedings in habeas corpus. Videan v. State, 68 Idaho 269, 194 P.2d 615; People ex rel. Gilbert v. Babb, 415 Ill. 349, 114 N.E.2d 358, 40 A.L.R.2d 1142; 25 Am.Jur., Habeas Corpus, § 69.

In such proceedings a return by the arresting officer of a warrant valid on its face, makes a prima facie case for his authority. The burden is on the petitioner to show that some essential recital in the warrant is untrue; that the warrant was issued without a legally sufficient requisition; or that the laws of the demanding state do not support the requisition as made. Ex parte Roselle, 87 Tex.Cr.R. 267, 222 S.W. 248; Ex parte Haynes, 98 Tex.Cr.R. 609, 267 S.W. 490; Ex parte Chittenden, 124 Tex.Cr.R. 228, 61 S.W.2d 1008; Ex parte Combs, 132 Tex.Cr.R. 500, 105 S.W.2d 1096; Ex parte Noble, 151 Tex.Cr.R. 1, 198 S.W. 2d 893; People ex rel. Gardner v. Mulcahy, 390 Ill. 511, 62 N.E.2d 418; State ex rel. Florio v. McCreary, 123 Fla. 9, 165 So. 904; 25 Am.Jur., Habeas Corpus, § 72.

Petitioner contends the warrant herein is invalid because of the recital that he stands charged by "complaint" instead of by "affidavit" made before a magistrate of the demanding state. The complaint sets forth in detail the acts of the petitioner in the state of California alleged to constitute the crime of failure of petitioner to furnish support for his minor child. In the "Application for Requisition," sworn to by the assistant district attorney of San Diego county, it is alleged that the complaint charges petitioner with the commission of a felony under California Penal Code, § 270. The complaint is in positive terms and was sworn to by the mother of the child, before a judge of the municipal court of the city of San Diego. It is also authenticated by the district attorney and by the Governor of California.

The petitioner offered no showing that the judge of the municipal court of San Diego is not a magistrate under the laws of California. Under the laws of this state such judge is a magistrate. I.C. § 19-503, State v. Frederic, 28 Idaho 709, 155 P. 977. This statute and the authentications contained in the requisition support the conclusion that the complaint referred to in the rendition warrant was sworn to before a magistrate in compliance with the federal statute.

Under our law such a complaint initiating a criminal action must be made under oath. I.C. § 19–3901.

"In cases where no other depositions of witnesses are taken by the magistrate, the criminal complaint serves the dual purpose of commencing the prosecution and serving as a deposition upon which the warrant is issued. I.C. §§ 19–501, 19–504, 19–505, 19–506, 19–516; State v. McGreevey, 17 Idaho 453, 464, 105 P. 1047; State v. Andrus, 29 Idaho 1, 156 P. 421; State v. Woodward, 41 Idaho 353, 355, 238 P. 525; State v. Hendricks, 80 Idaho 344, 330 P.2d 334; State v. Parker, 81 Idaho 51, 336 P.2d 318." State v. Morris, 81 Idaho 267, 272, 340 P.2d 447, 450.

Thus, a criminal complaint sworn to before a magistrate is in fact an affidavit within the meaning of the federal statute authorizing extradition upon the production of a copy of "an affidavit made before a magistrate." The great weight of authority supports this conclusion. In re Gundy, 130 Okl.Cr. 390, 236 P. 440; Ex parte Jackson, 82 Cal.App. 719, 256 P. 250; Ex part Paulson, 168 Or. 457, 124 P.2d 297; Ex parte Rubens, 73 Ariz. 101, 238 P.2d 402, certiorari denied Rubens v. Boies, 73 S.Ct. 50, 344 U.S. 840, 97 L.Ed. 653; Ex parte Hagan, 295 Mo. 435, 245 S.W. 336; Ex parte Combs, 132 Tex.Cr.R. 500, 105 S.W.2d 1096; Ex parte Watkins, 159 Tex. Cr.R. 14, 259 S.W.2d 215; State ex rel.

Arnold v. Justus, 84 Minn. 237, 87 N.W. 770, 55 L.R.A. 325; Morrison v. Dwyer, 143 Iowa 502, 121 N.W. 1064; State ex rel. Webster v. Moeller, 191 Minn. 193, 253 N.W. 668; Ex parte Molisak, 291 Mich. 46, 288 N.W. 329; Lacondra v. Hermann, 343 Ill. 608, 175 N.E. 820, at page 823; In re Murphy, 321 Mass. 206, 72 N.E.2d 413; People ex rel. Goshern v. Babb, 4 Ill.2d 114, 122 N.E.2d 239; Ullom v. Davis, 169 Miss. 208, 150 So. 519; Harris v. State, 257 Ala. 3, 60 So.2d 266; Ex parte Morgan, D.C. Cal., 78 F.Supp. 756, affirmed Morgan v. Horrall, 9 Cir., 175 F.2d 404, certiorari denied 70 S.Ct. 76, 338 U.S. 827, 94 L.Ed. 503; United States ex rel. Miller v. Walsh, D.C.Ill., 90 F.Supp. 332, affirmed Miller v. Walsh, 7 Cir., 182 F.2d 264; In re Strauss, 2 Cir., 126 F. 327, Id., 197 U.S. 324, 25 S.Ct. 535, 49 L.Ed. 774; Tiberg v. Warren, 9 Cir., 192 F. 458; Collins v. Traeger, 9 Cir., 27 F.2d 842.

"* * * The complaint in this case states all of the essential facts constituting the offense, and is sworn to in positive terms. It therefore takes the place and answers the purposes of the affidavit referred to in the federal statute and is sufficient both in form and in substance." Bell v. Corless, 57 Utah 604, 196 P. 568, at pages 570, 571.

"We next take cognizance of appellant's assignments of error to the effect that the California warrant of arrest

was not issued upon affidavits made before a magistrate. One of the affidavits complained of was signed by the complaining witness and was not executed before a magistrate. Several other affidavits which accompanied the request for extradition were signed before a notary public but not before the magistrate who issued the warrant. These affidavits attempted to bolster the charge made by the complaining witness who signed the criminal complaint. These affidavits were wholly unnecessary in that they attempted to offer proof of the guilt of the accused which was not in issue before the governor or the court on habeas corpus. In re Harper, 17 Cal.App.2d 446, 62 P.2d 390, citing cases. The affidavit referred to in section 3182, U.S.C.A., supra, refers to the affidavit which must be made before the magistrate who issues the warrant of arrest. The warrant of arrest in this case was issued upon the verified complaint of the complaining witness. A verified complaint made before a magistrate is the same as an affidavit. State ex rel. Rogers v. Murnane, 172 Minn. 401, 215 N.W. 863; Ex parte Davis, 333 Mo. 262, 62 S.W. 2d 1086, 89 A.L.R. 589; State ex rel. Webster v. Moeller, 1934, 191 Minn. 193, 253 N.W. 668; People ex rel. Gates v. Mulcahy, 392 Ill. 498, 65 N.E.2d 21; 35 C.J.S. Extradition § 14, pages 333, 334." Ex parte Rubens, 73 Ariz. 101, 238 P.2d 402, at pages 405, 406.

"It appears that the writ or requisition in the present case was not based upon an indictment against Riley in the state of Michigan, but upon a complaint made under oath before a magistrate having jurisdiction in such cases. Such a complaint made under oath is sufficient to justify the issuance of a requisition. In re Strauss, 197 U.S. 324, 25 S.Ct. 535, 49 L.Ed 774." Riley v. Colpoys, D.C.Cir., 85 F.2d 282, at page 283.

Petitioner relies upon Videan v. State, 68 Idaho 269, 194 P.2d 615, 618. The opinion in that case was confined to a consideration of a governor's warrant tested by the requirements of I.C. § 19-4506, which authorizes extradition, in certain cases, of a person "charged on indictment found" in another state. That section makes no mention of "information" or "affidavit" as a basis for extradition thereunder. The Videan case does not support petitioner's contention that a "complaint" sworn to before a magistrate may not serve as an "affidavit" in compliance with I.C. § 19-4505 and 18 U.S.C.A. § 3182.

The order of the district court remanding petitioner to the custody of the sheriff is affirmed.

SMITH, KNUDSON, McQUADE and McFADDEN, JJ., concur.