403 P.2d 221

Charles E. SMITH, Plaintiff-Appellant,

v.

STATE of Idaho, Defendant-Respondent.

No. 9386.

Supreme Court of Idaho.

June 11, 1965.

Rehearing Denied July 2, 1965.

Derr & Derr, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Thomas G. Nelson, Deputy Atty. Gen., of Idaho, for respondent.

McFADDEN, Justice.

Charles E. Smith, appellant, was arrested by the sheriff of Ada County, pursuant to a rendition warrant issued by the Governor of Idaho upon the request of the Governor of Missouri, and held for extradition to Missouri, where he was charged by complaint with the first degree murder of Donna Jean Smith, at Kirksville, Missouri, on or about October 26, 1961. While being so held, appellant petitioned the District Court of the Third Judicial District for a writ of habeas corpus alleging that he was not a fugitive from justice, because he was not in Missouri when the alleged crime of first degree murder was supposedly committed; that the instruments upon which the rendition warrant was based do not substantially charge a crime under the laws of the State of Missouri; and that he was not identified as the party sought.

On the basis of the petition, the District Court issued its writ of habeas corpus di-

rected to the sheriff of Ada County. In his return to the writ the sheriff alleged that appellant was being held by virtue of the rendition warrant of the Governor of Idaho, a copy of which was attached to his return, together with six affidavits of Missouri residents. In his answer to the return of the sheriff, appellant realleged the facts presented by his initial petition for the writ of habeas corpus, and on the issues so framed the cause was heard by the trial court.

During the hearing there was admitted in evidence, as appellant's exhibits, a letter from the Division of Health of Missouri certifying that there was no certificate of death on file in Vital Records, Division of Health, Jefferson City, Missouri, for Donna Jean Smith, who was the person allegedly murdered; a letter from the sheriff of Muskogee County, Oklahoma, stating that a Charles E. Smith was incarcerated in the county jail there on October 27, 1961. This letter also stated that "We have no information indicating the whereabouts of Charles E. Smith on October 25 and 26, 1961." Other exhibits offered by appellant and admitted, were a map of Oklahoma and certified copies from the Secretary of State of Idaho of all original documents on file in his office in connection with appellant's extradition.

The state offered into evidence a copy of the Governor of Idaho's rendition warrant, which was admitted without objection. Affidavits of six Missouri residents were offered by the state, and admitted into evidence over appellant's objections that they were inadmissible, being hearsay evidence, and that they were also immaterial and irrelevant. Five of the affiants stated that they were residents of Kirksville, Adair County, Missouri, and were acquainted with appellant. One affidavit stated appellant was in Kirksville on October 24 or October 25, 1961, another stated appellant was there on October 25, 1961, the third stated appellant was there in affiant's home with appellant's daughter on October 24, 1961, the fourth stated appellant appeared in the Bank of Kirksville in October, 1961, and the fifth stated that the affiant saw appellant on October 25, 1961. The sixth affidavit recited that affiant identified appellant as the same person as Charles E. Smith, whose photograph is contained on a F.B.I. "Wanted Poster" attached to the affidavit.

The deposition of Harry Lee Dodd was read into the record at the request of appellant. This deposition was to the effect that Dodd knew appellant for a number of years and that appellant with his wife and baby, had picked Dodd up in Kansas City, Missouri on October 25, 1961, at approximately 9:15 P.M.; that Dodd rode with appellant, and his wife and baby to Tulsa, Oklahoma, where appellant left him at approximately 10:00 P.M., October 26, 1961; that Dodd

was with appellant continually during this time; that appellant's wife Donna Jean Smith [the person claimed to have been murdered] was alive when he parted company with appellant; that the car used by appellant was in poor repair; that from Tulsa, Oklahoma to Adair County, Missouri, was about 400 to 410 miles. He testified that the appellant's car couldn't have left Tulsa, Oklahoma, at 10:00 P.M., October 26, 1961, [the time, Dodd testified he last saw appellant in Tulsa], and been driven to Adair County and back by 4:30 A.M., October 27, 1961, as it would have taken the car 25 to 26 hours to make such a trip. Dodd, further testified that he had been convicted of a felony in 1951, and that he had been admitted to several mental institutions and had twice been adjudged insane. At the time the deposition was taken Dodd was awaiting transfer to a mental institution after having been committed to it by order of the Probate Judge of Ada County, Idaho. Dodd had been appellant's cell mate in Ada County jail for two months prior to the taking of the deposition.

At the conclusion of the hearing the trial court found that appellant was being held in the custody of the sheriff of Ada County under the authority of the warrant issued by the Governor of Idaho; that the warrant of the Governor of Idaho, and its supporting documents were regular and valid; that appellant is the same and identical Charles E. Smith named in the Governor's warrant, and that he stands charged with the crime of first degree murder in the State of Missouri; that appellant is a fugitive from justice and from the State of Missouri under the applicable statutes of the United States and of this State. The trial court concluded the appellant was lawfully in custody and ordered the writ of habeas corpus to be quashed.

Appellant appealed from this order, assigning five errors. The first three assignments of error challenge the correctness of findings of fact of the trial court, asserting they are unsupported by the evidence and contrary to law. The fourth assignment of error asserts the trial court erred in admitting into evidence the affidavits of the six Missouri residents and in relying upon these affidavits in entering the order; the last assignment challenges the trial court's finding that the Missouri complaint charging appellant with first degree murder sufficiently advised appellant of the charges against him and the manner of commission of the crime.

Appellant summarizes the issues before this court as: (1) whether, tested under applicable law, the complaint upon which the rendition warrant is based adequately charges him with the commission of a crime; (2) whether the State proved by admissible evidence that he was in the demanding state at the time of the alleged

crime; (3) whether there is any proof to show he committed any crime within the State of Missouri and thereafter fled that state.

█ The charging portion of the complaint filed in Missouri, which is the basis for these extradition proceedings, reads:

"That on or about the 26th day of October, 1961 at and in the County of Adair and State of Missouri, the defendant, Charles E. Smith, did then and there feloniously, wilfully, deliberately, premeditatedly, on purpose and of his malice aforethought did in some way and manner and by some means, instrument and weapon to this informant unknown, struck and mortally wounded deceased of which wound deceased, Donna Jean Smith, died, and the said Charles E. Smith did then and there wilfully, feloniously, deliberately, premeditatedly, on purpose and on his malice aforethought mortally wound said Donna Jean Smith, * * * ".

Appellant urges that the complaint is insufficient to support the rendition warrant in that it fails to allege the manner in which the crime was committed. He contends that the sufficiency of the complaint must be determined by the law of Idaho, as no proof was submitted in the trial court of the law of Missouri, citing Newell v. Newell, 77 Idaho 355, 293 P.2d 663; Gapsch v. Gapsch, 76 Idaho 44, 277 P.2d 278, 54 A.L.R.2d 416,

and other Idaho cases. However correct appellant's theory may be as a general rule of law, this court has held that the right of interstate extradition and the procedure therefore are governed by the federal law and that the federal law is supreme. In re Martz, 83 Idaho 72, 357 P.2d 940; Applications of Williams, 76 Idaho 173, 279 P.2d 882.

In the case of In re Martz, supra, this court quoted the provisions of 18 U.S.C.A. § 3182, and stated:

"The rendition warrant must show on its face that the requirements of the law have been fulfilled; namely (1) that the accused has been demanded as a fugitive from justice by the executive of the state from which he fled; (2) that he stands charged with the commission of a crime in that state; (3) that a copy of an indictment, or affidavit made before a magistrate, containing the charge, is presented with the requisition, duly certified as authentic. Annotation 89 A.L.R. 595. Such recitals are presumed to be true, and a warrant valid on its face is prima facie sufficient authority for the officer to arrest and deliver the accused. (citing cases.)"

█ The trial court had before it the fully authenticated copies of the requisition of the Governor of Missouri, to which was attached the authenticated copy of the

complaint charging Charles E. Smith with the crime of murder in the first degree. The requisition of the Governor of Missouri also recited that the said Charles E. Smith was a fugitive from justice and had taken refuge within the limits of the State of Idaho. Also attached to these instruments was a copy of § 559.010, Missouri Revised Statutes, 1959, V.A.M.S., which reads:

"Every murder which shall be committed by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, and every homicide which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or mayhem, shall be deemed murder in the first degree."

The complaint before the trial court charged the commission of murder in the first degree in general terms as defined by the Missouri statute. Whether it complies with the requirements of the Missouri law as to the details required to be set out is not for this court to say. The general rule in extradition matters is that the sufficiency of the affidavit, or indictment as a pleading is not open to inquiry on habeas corpus proceedings to review issuance of a rendition warrant. See: Starks v. Turner, 365 P.2d 564 (Okla.Ct.Cr.App.1961); Ex parte Paulson, 168 Or. 457, 124 P.2d 297 (1942); 39 C.J.S. Habeas Corpus § 39, p. 554; 25 Am. Jur. 195, Habeas Corpus, § 69; Annots., 81 A.L.R. 552, at 565, and 40 A.L.R.2d 1151, at 1159; 4 Anderson, Wharton's Criminal Law and Procedure § 1667 (1957).

The next question to be considered deals with the admissibility of the affidavits to prove the identity of the appellant and his presence in the demanding state at the time of the commission of the alleged crime. In extradition cases an exception is generally made to the rule that affidavits are considered hearsay evidence and hence inadmissible. I Wigmore, Evidence § 24 (3rd ed. 1940); Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515 (1905); People ex rel. Chevlin v. O'Brien, 372 Ill. 640, 25 N.E.2d 4 (1939); United States ex rel. Austin v. Williams, 5 Cir., 12 F.2d 66; Annot., 93 A.L.R.2d 912, at 931, and cases cited therein. In People ex rel. Chevlin v. O'Brien, supra, the Supreme Court of Illinois stated:

"* * * It was proper to admit in evidence on the habeas corpus hearing all the papers, including the affidavits, which were before the Governor when he issued the warrant. (Citation omitted). The purpose of the admission is to establish upon what the Governor of Illinois found a prima facie case against relator."

The affidavits were properly received and considered by the trial court.

The final issue pertains to the sufficiency of the evidence to support the judgment of the lower court. The governor's warrant is prima facie evidence that appellant is a fugitive from justice, and the burden of overcoming this prima facie case is upon the appellant. In re Martz, supra, and cases cited therein; 25 Am.Jur. 198, Habeas Corpus, § 72. Appellant relies on the deposition of Harry L. Dodd, and the letter from the Sheriff of Muskogee County, Oklahoma, to the effect appellant was in custody in that county on October 27, 1961, to refute this prima facie case. The complaint charged that the crime was committed "on or about the 26th day of October, 1961." The testimony of Dodd was of a highly questionable nature and the trial court evidently largely discounted the correctness of this testimony (in which conclusion this court concurs, the evidence before that court being wholly documentary in nature). The letter of the sheriff of Muskogee County alone is insufficient to overcome the prima facie case presented, for that does not overcome the allegation and sworn statement that the accused was in Missouri at the time the alleged crime was committed. The findings of the trial court are sustained by the record.

Order affirmed.

McQUADE, C. J., TAYLOR and KNUDSON, JJ., and DUNLAP, D. J., concur.