417 P.2d 415

David FENTON, Plaintiff-Appellant,

v.

STATE of Idaho, Defendant-Respondent.

No. 9748.

Supreme Court of Idaho.

May 25, 1966.

Rehearing Denied Sept. 9, 1966.

Vernon K. Smith and John Hjellum II, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and M. Allyn Dingel, Jr., Asst. Atty. Gen., Boise, for respondent.

SMITH, Justice.

This is an appeal from an order of the district court quashing a writ of habeas corpus.

Appellant was arrested by the sheriff of Ada County pursuant to a rendition warrant issued by the governor of Idaho upon the request of the governor of Nevada, and held for extradition to Nevada where he was charged with unlawful sale of a narcotic drug.

While being so held, appellant petitioned for a writ of habeas corpus, which the trial court granted. At the hearing thereon the the parties stipulated that the requisition papers from the State of Nevada be entered in evidence, whereupon, both parties rested without submission of further proof. The district court thereupon entered its findings of fact and concluded that the rendition warrant of the governor of Idaho and the requisition from the governor of Nevada

upon which the warrant is based, are valid and legally sufficient. The court then quashed the writ and ordered appellant remanded to the custody of the sheriff of Ada County for delivery to the agents of the State of Nevada for rendition to that state. Appellant has appealed from such order.

Appellant assigns error of the trial court in quashing the writ of habeas corpus. He urges his defense, advanced at the hearing on the writ, upon which the court ruled adversely. He asserts that the demand for extradition, pursuant to which the governor of Idaho issued the warrant for appellant's rendition, failed to comply with the Idaho statute relating to interstate rendition of an Idaho citizen to a sister state, particularly I.C. § 19–4505;[1] also failed to comply with the Constitution of the United States, Art. IV, § 2,[2] and effectuating statute 18 U.S.C.A. § 3182[3]. In support thereof appellant contends that the demand for his extradition fails unequivocally to allege that he "was personally present in the State of Nevada at the alleged time of the commission of the crime, and that he thereafter fled from that state and now is in the State of Idaho," in that the requesting documents show only upon information and belief that he was in the State of Nevada at said time.

The alleged fugitive may question the truth or sufficiency of the recitals in a rendition warrant, or the authority for its issuance. In re Martz, 83 Idaho 72, 357 P.2d 940 (1960). The right of interstate extradition and procedure therefor are governed by federal law which is supreme. Smith v. State, 89 Idaho 70, 403 P.2d 221 (1965); Applications of Williams, 76 Idaho 173, 279 P.2d 882 (1955); In re Martz, supra.

The federal law, 18 U.S.C.A. § 3182, provides inter alia, that when the executive authority of the state from which the one charged with a felony, has fled, produces a copy of *an affidavit made before a magistrate,* certified as authentic by the governor of such state, the executive authority of the asylum state shall cause the accused to be arrested and secured for extradition to the demanding state.

Accompanying the requisition of Nevada, the demanding state, is a criminal complaint sworn to before a magistrate, a justice of the peace in Reno Township, Washoe County, Nevada, which sets forth the charge against appellant, as follows:

"* * * David Fenton the defendant above named, has committed the crime of SALE OF A NARCOTIC DRUG, (A violation of N.R.S. 453.030 and 453.185

---

1. "A warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show that the accused was present in the demanding state at the time of the commission of the alleged crime, and that he thereafter fled from that state, and is now in this state, and that he is lawfully charged by indictment found or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of crime in that state and has escaped from confinement or broken his parole."

2. "A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

3. "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, * * * and produces a copy of an indictment found or an affidavit made before a magistrate * * * charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. * * *"

(6)) in the manner following, to wit:

That the said defendant on or about the 19th day of May 1965 at Reno Township, in the County of Washoe, State of Nevada, did willfully, unlawfully and knowingly sell to ALBERT HABIB, a quantity of heroin, a narcotic drug."

Accompanying the requisition is a separate affidavit to which appellant directs his attack on the asserted ground that such instrument shows only upon informtaion and belief that appellant was in the State of Nevada at the time of commission of the crime of which he is accused. Appellant also contends that the complaint, in the form of an affidavit, is insufficient in that it does not unequivocally charge that appellant was in the State of Nevada at the alleged time of commission of the crime.

"* * * A criminal complaint sworn to before a magistrate is in fact an affidavit within the meaning of the federal statute authorizing extradition upon the production of a copy of 'an affidavit made before a magistrate.'" In re Martz, 83 Idaho at 77, 357 P.2d at 943.

■ Where the requisition is accompanied by a proper instrument sufficiently charging the person demanded with a crime, the fact that it is accompanied by an unauthorized or otherwise insufficient instrument is of no avail to the accused and does not affect the validity of the other documents required by 18 U.S.C.A. § 3182. Bruzaud v. Matthews, 93 U.S.App.D.C. 47, 207 F.2d 25 (1953); Ex parte Rubens, 73 Ariz. 101, 238 P.2d 402 (1951), Cer. denied, 344 U.S. 840, 73 S.Ct. 50, 97 L.Ed. 653 (1952); Ex parte Logan, 151 Tex.Cr.App. 129, 205 S.W.2d 994 (1947); Thompson v. Baker, 154 Fla. 303, 17 So.2d 298 (1944); Broyles v. Mount, 197 Ga. 659, 30 S.E.2d 48 (1944); Ryan v. Rogers, 21 Wyo. 311, 132 P. 95 (1913); 35 C.J.S. Extradition § 14(3).

■ The criminal complaint charges appellant with a crime committed in the State of Nevada, which crime could not have been committed by him except by his being present in the State of Nevada. The requisition papers show presence within the demanding state at the time of commission of the crime where they show on their face a crime has been charged, the nature of which requires presence for commission. In re Baker, 310 Mass. 724, 39 N.E.2d 762 (1942); Fortier v. Frink, 92 N.H. 50, 24 A.2d 604 (1942); In re Harris, 309 Mass. 180, 34 N.E.2d 504, 135 A.L.R. 969 (1941); Ex Parte Swearingen, 13 S.C. 74 (1879). See also Brown v. Ward, 107 U.S.App.D.C. 220, 275 F.2d 884 (D.C.Cir.1960). Appellant's assignments of error are without merit.

Order affirmed.

McFADDEN, C. J., and McQUADE, TAYLOR and SPEAR, JJ., concur.