PEOPLE *v.* DAVIE

ROBBERY—ARMED ROBBERY—EVIDENCE—SUFFICIENCY.

Testimony that defendant placed the victim of a robbery in reasonable apprehension that a firearm was being held to the back of his neck was sufficient to sustain a conviction of robbery armed (MCLA § 750.529).

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 December 2, 1969, at Detroit. (Docket No. 5,612.) Decided December 8, 1969. Leave to appeal denied April 2, 1970. See 383 Mich 776.

William Davie was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*Burgess & Burgess,* for defendant on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and V. J. BRENNAN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
46 Am Jur, Robbery § 50 *et seq.*

PER CURIAM. Defendant was convicted of robbery armed, MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797) by a circuit judge, a jury having been expressly waived. On appeal he claims that the evidence did not support the verdict. Where, as here, there is some credible evidence to sustain the judgment below, the determination of the trial court will not be disturbed. *In re Petition of Molisak* (1939), 291 Mich 46.

Testimony to the effect that defendant placed the victim in reasonable apprehension that a firearm was being held to the back of his neck was sufficient to sustain a conviction of robbery armed. *People v. Jury* (1966), 3 Mich App 427.

Defendant argues that he was denied a fair trial because an allegedly leading question was permitted, and because the trial judge made several allegedly improper remarks from the bench. The record discloses that defendant was accorded a fair and impartial trial and at no time did he suffer prejudice to his case.

Affirmed.