470 P.2d 413

**R. L. NORTON, Plaintiff-Appellant,**

v.

**STATE of Idaho, Defendant-Respondent.**

No. 10423.

Supreme Court of Idaho.

June 15, 1970.

William W. Becker, Pocatello, for plaintiff-appellant.

Robert M. Robson, Atty. Gen., Mack A. Redford, Deputy Atty. Gen., Boise, James B. Green, Deputy Pros. Atty. Bannock County, Pocatello, for defendant-respondent.

SHEPARD, Justice.

In this case a writ of habeas corpus was sought and issued by the district court preventing the interstate extradition of the accused, R. L. Norton. After certain preliminary proceedings which are not questioned herein a hearing was held upon said writ and thereafter the writ was quashed. Petitioner appeals from that order and we affirm.

Norton was charged by an information with the crime of embezzlement in Oklahoma. A fugitive warrant was issued and when Norton was found residing in Rigby, Idaho, a warrant for his arrest was issued in Idaho. While confined to the Bannock County jail in Idaho, Norton sought and obtained the issuance of a writ of habeas corpus by the district court. At a hearing thereon Norton sought to prove that he was not present in the state of Oklahoma at the time of the commission of the alleged crime by presenting evidence accepted by the trial court which consisted of certain motel and motor vehicle repair receipts which might tend to show his presence in Albuquerque, New Mexico on the date in question. The accused also sought to question the motivation for the extradition by asserting that the proceedings were an attempt to collect a private debt through criminal process, but the trial court refused to accept evidence on this contention: Following the hearing the writ of habeas corpus was quashed and Norton was ordered to surrender himself for extradition. From these orders Norton appeals.

Appellant Norton concedes that there is no irregularity in the extradition process. Error is assigned, however, in the action of the trial court quashing the writ since, it is contended, Norton was not in Oklahoma at the time of the commission of the alleged crime and therefore was not a fugitive from justice. Error is also assigned in the trial court's refusal to permit evidence on the question of the motive behind the extradition, i.e., the alleged utilization of criminal process for the collection of a private debt.

In matters of interstate extradition federal law controls over state law. In re Martz, 83 Idaho 72, 357 P.2d 940 (1960); Smith v. State, 89 Idaho 70, 403 P.2d 221 (1965); Fenton v. State, 91 Idaho 149, 417 P.2d 415 (1966); 18 U.S.C.A. § 3182.

It is well established in Idaho that three elements must exist before a rendition in response to an extradition request

may be granted. The accused must have been demanded as a fugitive by the executive of the demanding state, the accused must be charged with a crime in the demanding state, and the accused must be charged by an indictment or affidavit made before a magistrate, a certified copy of which must be presented with the requisition for extradition. In re Martz, supra; Smith v. State, supra. Appellant Norton does not question the existence of any of the three elements, but in his first assignment of error raises the question of whether he proved that he was not a fugitive from justice within the meaning of 18 U. S.C.A. § 3182.

■ Appellant asserts that in order to be a fugitive an accused must have been present in the demanding state at the time of the alleged crime and absent from that state at the time he is called to answer. It is universally held that when the extradition process is regular, as is conceded herein, there is a presumption that the executive authority of the demanding state is correct in his determination that the accused is a fugitive. Hyatt v. New York, 188 U.S. 691, 23 S.Ct. 456, 47 L.Ed. 657 (1903); Smith v. State, supra; In re Martz, supra.

As stated in Smith v. State of Idaho, 373 F.2d 149 (9th Cir. 1967), [the subsequent federal proceeding following this Court's opinion in State v. Smith, supra]:

"Even if all of the individuals listed by appellant claimed to have seen him in Oklahoma on or about October 26, 1961, this would present only a conflict in the evidence. For extradition purposes such a conflict is not enough to release the accused.

'* * * we may not properly approve the discharge of the respondent unless it appears from the record that he succeeded in showing by clear and satisfactory evidence that he was outside the limits of South Carolina at the time of the homicide. Stated otherwise, he should not have been released unless it appeared beyond reasonable

doubt that he was without the State of South Carolina when the alleged offense was committed * * *.

'The record discloses only a conflict of evidence; the requirement which we have indicated has not been met * * *.' South Carolina v. Bailey, 289 U.S. 412, 421–422, 53 S.Ct. 667, 671, 77 L.Ed. 1292 (1933).

"Admittedly, the prisoner held for extradition has a heavy burden of proof. But this arises legitimately from the nature of an extradition proceeding, since essentially the court is reviewing the factual determination of the governor as to the presence of the accused in the demanding state, and the guilt or innocence of the accused is not in question."

■ As in *Smith*, we are not prepared to say herein that the evidence of the accused sufficiently rebutted the case established by the admittedly regular extradition process. We may note, as reasoned in *Smith*, that while his evidence may have large significance in the eventual determination of his guilt or innocence, such is a matter we may not consider herein.

■ Appellant's second assignment of error questions the refusal of the trial court to hear evidence on the motivation behind the extradition process, to-wit: that it was being used for the collection of a private debt. Appellant cites several Oklahoma cases holding that the prosecution's motive for extradition is open to inquiry in habeas corpus proceedings. Ex parte Offutt, 29 Okl.Cr. 401, 234 P. 222 (1925); Ex parte Maddox, 55 Okl.Cr. 114, 25 P.2d 1111 (1933); Ex parte Sesler, 85 Okl.Cr. 110, 185 P.2d 705 (1947); Ex parte Patrick, 86 Okl.Cr. 61, 189 P.2d 420 (1948). We note, however, that these cases are representative of a minority rule, 94 A.L. R. 1493, and cases cited therein, and a rule to which we do not adhere.

■ The general rule is that under federal law the governor of the asylum state has for decision, and his inquiry is limited to, the questions of whether the demanded

person has been substantially charged with a crime and whether he is a fugitive from justice. Roberts v. Reilly, 116 U.S. 80, 6 S.Ct. 291, 29 L.Ed. 544 (1885).

It is further generally, although not universally, held that any consideration of or inquiry into the motives which induced and guided the request for extradition is immaterial and inappropriate. In re Moyer, 12 Idaho 250, 85 P. 897 (1906); Pettibone v. Nichols, 203 U.S. 192, 27 S.Ct. 111, 51 L. Ed. 148 (1906); People ex rel. Carr v. Murray, 357 Ill. 326, 192 N.E. 198 (1934); Drew v. Thaw, 235 U.S. 432, 35 S.Ct. 137, 59 L.Ed. 302 (1914).

It follows that the order of the trial court quashing the writ of habeas corpus and ordering the appellant to surrender himself for extradition is affirmed.

McFADDEN, C. J., and McQUADE, DONALDSON and SPEAR, JJ., concur.