566 P.2d 765

**William WALTON, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 12361.**

Supreme Court of Idaho.

July 12, 1977.

Dean Joseph Miller of Gigray, Miller, Downen & Weston, Caldwell, for petitioner-appellant.

Wayne L. Kidwell, Atty. Gen., L. Mark Riddoch, Asst. Atty. Gen., Boise, for respondent.

McFADDEN, Chief Justice.

Petitioner-appellant William Walton was arrested in Idaho pursuant to a Governor's Warrant issued upon a requisition from the State of Oregon. He is charged with second degree burglary allegedly committed on June 16, 1976. Walton petitioned the district court for a writ of habeas corpus, alleging that he is not a fugitive because he was not in the State of Oregon at the time of the alleged crime.

At hearing on the petition, the state introduced a valid Governor's Warrant, and rested. Walton then presented various witnesses. His mother testified that he had arrived in her home in Parma in the first week of June and had resided there until the time of his arrest. His employer testified that he had seen Walton at work in Parma every day in June after the first week. His brother testified that Walton had been at home in Parma at the time of the burglary and that he had been fishing with Walton every day during that time. Finally, Walton testified that he had returned to Parma in the first week of June and had not returned to Oregon since. The State alluded to the existence of two witnesses which it asserted could testify to

seeing Walton in Oregon on the day of the crime, but did not produce these witnesses. The district court then refused the writ of habeas corpus. Walton appeals, arguing that absent contrary evidence from the state, the testimony is adequate to overcome any presumption founded on the Governor's Warrant that he is a fugitive.

■ Extradition is a constitutionally mandated procedure, U.S.Const., Art. IV, Sec. 2, designed to provide a method by which states of the Union could aid one another in bringing to speedy trial offenders who are fugitives from justice in another part of the land. *Biddinger v. Comm'r of Police,* 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193 (1917). Extradition should not be interfered with by the courts of an asylum state except in the rarest of cases. On the other hand, we are also constrained to observe that extradition can involve hardship: "not only the suspension of one's liberty, but his deportation from the state in which he lives into another jurisdiction which may be hundreds of miles from his home." *Kirkland v. Preston,* 128 U.S.App.D.C. 148, 385 F.2d 670, 676 (1967). While the courts of the asylum state are obligated to prevent the state from becoming a haven for fugitives from other states, the authority of the state to protect its citizens from illegal arrest or wrongful rendition must never be forgotten. *Ex parte Crawford,* 342 P.2d 580 (Okl. Cr.1959). The law does therefore provide the accused with some procedural safeguards to stave off wrongful extradition.

■ Interstate extradition is conditioned upon two prerequisites: the person demanded must be "substantially charged with a crime" and he must be a "fugitive." *Hyatt v. People of New York ex rel. Corkran,* 188 U.S. 691, 23 S.Ct. 456, 47 L.Ed. 657 (1903). Walton here urges that he is not a fugitive because he was not in Oregon on the day of the alleged burglary. Unquestionably, it is proper to raise the issue of presence in the demanding state by petition for writ of habeas corpus in the asylum state:

"The fugitivity question is one of fact, to be determined in the first instance by the Governor of the asylum state, or, here, by the Chief Judge of the District Court sitting in an executive capacity. *Hyatt v. People of State of New York ex rel. Corkran,* supra, 188 U.S. at 709–711, 23 S.Ct. at 458–459. That factual decision is reviewable by way of habeas corpus, *Bruzaud v. Matthews,* 93 U.S.App.D.C. 47, 207 F.2d 25 (1953)". *Moncrief v. Anderson,* 342 F.2d 902 (C.A.D.C.1964).

*Biddinger v. Commissioner of Police, supra; Munsey v. Clough,* 196 U.S. 364, 374, 25 S.Ct. 282, 285, 49 L.Ed. 515 (1905); *State of South Carolina v. Bailey,* 289 U.S. 412, 420, 53 S.Ct. 667, 671, 77 L.Ed. 1292 (1932); *Smith v. State of Idaho,* 373 F.2d 149, 155 (9th Cir. 1967); *Woods v. Cronvich,* 396 F.2d 142, 143 (5th Cir. 1968).

■ In entertaining such habeas corpus inquiries, the court is initially guided by the weight given to the governor's warrant. "The governor's warrant is prima facie evidence that the appellant is a fugitive from justice, and the burden of overcoming this prima facie case is upon the appellant." *Smith v. State,* 89 Idaho 70, 77, 403 P.2d 221, 224 (1965). Upon presentation of the governor's warrant, there results a mandatory rebuttable presumption that the accused was present in the demanding state. *Walker v. State,* 315 A.2d 855, 856 (Me. 1974); *In re DeGina,* 96 N.J.Super. 267, 228 A.2d 74, 76 (1967).

■ The burden then devolves to the petitioner to prove that he was without the demanding state at the time in question. The quantum of proof exacted was set forth by the United States Supreme Court:

"Considering the Constitution and statute and the declarations of this Court, we may not properly approve the discharge of the respondent unless it appears from the record that he succeeded in showing by clear and satisfactory evidence that he was outside the limits of South Carolina at the time of the homicide. Stated otherwise, he should not have been released unless it appeared beyond reasonable doubt that he was without the state of South Carolina when the alleged offense

was committed and, consequently, could not be a fugitive from her justice." *South Carolina v. Bailey, supra.*

When the record discloses a mere conflict in evidence, it is not enough to defeat the extradition. *Smith v. State of Idaho, supra; Ex parte Gibson,* 149 Tex.Cr.R. 543, 197 S.W.2d 109 (1946).

█ If a petitioner presents no evidence, the presumption operates to mandate the extradition. If a petitioner does present evidence, the trial court must decide whether the petitioner has established by clear and convincing evidence that he was absent from the demanding state at the time of the offense. The state, at its option, may present evidence or not. If it chooses to submit additional affidavits, the court must view all evidence presented and determine whether, on balance, the petitioner has carried his burden. (We would note that the burden placed on the state is not an onerous one; only slight evidence is needed to rebut the petitioner's showing. *State v. Limberg,* 274 Minn. 31, 142 N.W.2d 563 (1963). This court has previously approved the use of affidavits for this purpose. *Smith v. State, supra.*) If, on the other hand, no evidence is presented by the state, and the court is faced with uncontroverted evidence from the defendant, it must evaluate that evidence alone to determine whether the petitioner has carried his burden by clear and convincing proof.

The State contends that the extradition documents, including the governor's warrant, requisition, indictment and district attorney's affidavit, together with the presumption which attends the governor's warrant, are sufficient to controvert petitioner's testimony. We disagree. The purpose of allowing the consideration of whether a petitioner was present in the demanding state is to look beyond the extradition pleadings and allow inquiry into the evidence. Absent evidence from the petitioner, the governor's warrant does raise a presumption of fugitivity, but once the petitioner presents evidence to establish absence from the demanding state, the court must resolve the issue upon the evidence presented.

That there is uncontroverted evidence from the petitioner does not automatically mean that the petitioner has met this burden, for the court might disbelieve the credibility of the witnesses. If the trial court views all the evidence and determines that the presumption was not overturned, then it is not necessary for the state to go forward with evidence. The trial court here concluded that: "the accused failed to carry his burden of proof of establishing either by proof beyond a reasonable doubt or by clear and convincing evidence that he was without the State of Oregon when the alleged offense was committed."

█ Ordinarily we would be constrained to abide by the finding of the district court. It appears, however, that the trial court improperly demanded a specific quality of evidence from the petitioner. At hearings, the court commented that

"The problem is, what I was looking for and I think what these cases are going to require, if I understand the Idaho case of Norton versus the State, [93 Idaho 648, 470 P.2d 413 (1970)] is some kind of physical corroborating type evidence that supports the petitioner before the court could say you have carried your burden of proof beyond a reasonable doubt."

The court also found "the entire evidence submitted by the Petitioner was based on *oral* testimony of the accused and the accused's relatives and/or his employer without any physical or demonstrative evidence corroborating the same." In requiring physical or demonstrative corroborating evidence, the trial court erred: no rule of law requires one particular sort of evidence over another. The petitioner's burden can conceivably be met by oral testimony, if the trial court finds that the testimony meets the burden.

After the presentation of defendant's evidence, the State presented no further evidence. If the district court ruled that he had failed to meet his burden solely because of an absence of physical evidence, that was error. If on the other hand, the court so ruled because it disbelieved the witnesses, it

should enter a specific finding to that effect. (The court found that "the motives and credibility of the witnesses are in issue * * *," but did not resolve that issue.) Thus, the court must remand the case for a clarification as to the basis for the district court's finding and for such further evidence as either side may present.

Reversed and remanded.

DONALDSON, BAKES and BISTLINE, JJ., concur.

SHEPARD, J., dissents without opinion.