Commonwealth *v.* Allen, Appellant.

*Jonathan Miller,* Assistant Defender, with him *Robert Agran,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Richard D. Steel,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 4, 1973.
Order affirmed.

_____

DISSENTING OPINION BY SPAULDING, J.:

Appellant Robert Wayne Allen appeals from the denial of his writ of habeas corpus and an order extraditing him to Florida by Judge William PORTER of the Court of Common Pleas of Philadelphia. A hearing on the writ was held on May 1, 1972, at which appellant presented two witnesses to support his contention that he was not in Florida on the date of the alleged offense. The court below, however, held that this testimony was of dubious credibility and was not sufficient to rebut the probative force of the official extradition documents and the Commonwealth's testimony in support thereof.[1]

The Uniform Criminal Extradition Act makes it clear that guilt or innocence may not be the subject of inquiry in an extradition matter.[2] Case law, however, establishes very clearly the necessity of proof that "the subject of the extradition was present in the demanding state at the time of the commission of the crime." *Commonwealth ex rel. Coades v. Gable,* 437 Pa. 553, 554, 264 A. 2d 716, 718 (1970). The formal extradition papers satisfy that requirement if no evidence to the contrary is offered. Thus, in *Commonwealth ex rel.*

_____

[1] The testimony was that of an old friend of appellant's and a friend's relative.

[2] Act of July 8, 1941, P. L. 288, §20, 19 P.S. §191.20.

*Edgar v. Davis,* 425 Pa. 133, 136, 228 A. 2d 742, 744 (1967), the Court pointed out with respect to the contention of nonpresence in the demanding state, that: "After the Commonwealth rested its case, relator's counsel refused to offer any evidence. It follows that there is no merit in relator's first contention."

In the instant case, appellant *did* offer evidence which, even if dubious, makes his presence a crucial issue. Therefore, the prima facie allegation in the extradition papers was no longer sufficient by itself. This was the conclusion in the *Davis* case, *id.,* where the second issue was whether the relator was the person charged with the crime. The Court there dealt with this question, holding that: "That was the crucial issue in this case and the relator was entitled to a writ of habeas corpus and to be discharged thereunder, after the Commonwealth failed to produce the requisite evidence of identity." 425 Pa. at 136, 228 A. 2d at 744.

The only evidence offered here by the Commonwealth on the crucial issue of whether the appellant was in Florida at the time of the commission of the crime was hearsay testimony of the police officer. Although the law is uncertain as to the use of hearsay in extradition proceedings on controvertible issues properly raised, I believe that the better view, under the present state of Pennsylvania law, is that hearsay on a critical issue should be disregarded. Hearsay evidence is excluded at a trial because of its inherent unreliability. A man should not be wrenched from his family and community and taken to another state on the basis of such evidence. Exclusion of hearsay testimony at extradition hearings increases the burden in those cases in which the relator can make an appropriate challenge. The increased burden on the limited issues, however, is outweighed by the relator's need for protection from erroneous extradition.

The appellant should be discharged, without prejudice to the Commonwealth's right to initiate a new extradition proceeding.

HOFFMAN, J., joins in this dissenting opinion.