GARY NELSON, Plaintiff-Appellant, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, Defendant-Appellee.

(No. 72-53;

Third District—May 31, 1973.

James R. Wurbs, of Rock Island, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Relator-Appellant, Gary Nelson, was arrested pursuant to a Governor's Extradition Warrant which alleged that relator had committed the offense of theft in Texas on January 18, 1971. (Ill. Rev. Stat., 1969, ch. 60,

sec. 24.) In accord with chapter 60, section 27, Ill. Rev. Stat., 1969, relator filed a petition for writ of *habeas corpus*. After the hearing, the Circuit Court of Rock Island County denied relator's application for relief and this appeal follows.

At the hearing the respondent introduced the Governor's Warrant as his authority for holding relator. Thereafter relator testified that he was not in the demanding state of Texas on January 18, 1971, but on the contrary was in Davenport, Iowa, the place of his residence on that date. Six other witnesses testified in relator's behalf and respondent presented no evidence in rebuttal.

■■■ Both parties are in general agreement concerning the general rules applicable to this type of proceeding, but they differ as to how such rules should be applied to the facts. An extradition warrant issued by the Governor of Illinois is properly admitted in evidence (*People v. Lynch,* 16 Ill. 2d 380, 158 N.E.2d 60), and such a warrant, reciting the essential facts, affords a *prima facie* case that an accused is a fugitive from justice, thereby imposing upon him the burden of proving that his detention is illegal. (*People ex rel. Borelli v. Sain,* 16 Ill. 2d 321, 157 N.E. 2d 417.) To sustain a claim of illegal detention, the burden of proof is upon the relator to show that he is not substantially charged with an offense under the laws of the demanding state, that he is not the person charged with the offense in the demanding state or that he is not a fugitive from justice. (*People ex rel. Douglas v. Woods,* 39 Ill. 2d 381, 235 N.E.2d 601.) In *People ex rel. Garner v. Clutts,* 20 Ill. 2d 447, 170 N.E. 2d 538, the court approved as a rule relating to the burden of proof required of a relator that "* * * one detained under a fugitive warrant may be judicially discharged only when it is so conclusively proved that no question can be made that the person was not in the demanding State when the crime is said to have been committed, * * *".

According to the relator, the evidence which he presented conclusively shows that he was not in the demanding state on January 18, 1971, and there is neither contrary evidence nor evidence from which contrary inferences may be drawn. In such cases as *People ex rel. Garner v. Clutts,* 20 Ill. 2d 447, 170 N.E.2d 538, the rule is also announced that where the evidence is merely contradictory, the relator has failed to sustain his burden that the detention is illegal. It is this rule, the respondent asserts, which is applicable in the instant case.

The relator testified that he was a resident of Davenport, Iowa, that he had been such a resident for twenty-five years and unequivocally avowed that he had been in Davenport for the whole day of January 18, 1971. Five of the other six witnesses testified that each saw the relator at different times on January 18, and the sixth witness testified to relator's

residency in Davenport for many years. Included in such supporting testimony was that of a service station operator who sold relator a battery on January 18, and a sales slip for that same date was presented. None of the witnesses, including the relator, was cross-examined by the respondent and no rebuttal evidence was presented by the respondent.

■■ Since the respondent introduced no evidence other than the extradition warrant and did not refute the credibility of the testimony offered by the relator, we conclude that the respondent believed the extradition warrant itself was sufficient to create contradictory factual issues. We do not believe this position is tenable, since if true, the effect would be to give the warrant a conclusive presumption since in all cases the evidence would be merely contradictory. We do not believe the cases cited by the respondent support such proposition since in all of such cases except *People ex rel. Pusch v. Mulcahy*, 392 Ill. 209, 64 N.E. 2d 458, the respondent presented rebuttal testimony contradicting the testimony of the relator and his witnesses. In the *Mulcahy* case no rebuttal evidence appears to have been presented, and although the court suggests the evidence was contradictory, the factual basis for such a conclusion is not clear. In one of the more recent cases (*People ex rel. Garner v. Clutts*, 20 Ill. 2d 447, 170 N.E.2d 538), the relator's evidence concerning his presence in Illinois at the time of the offense charged in North Carolina was somewhat similar to the evidence presented in the instant case. However, the court in holding that the relator had failed to sustain his burden of proof refers at some length to the testimony offered in rebuttal by the respondent, namely the testimony of two witnesses from North Carolina who testified seeing the relator near the scene of the offense on the day it was committed. Absent such rebutting testimony in the instant case, we believe that a result contrary to that reached in the *Clutts* case is required. (See also *People ex rel. Borelli v. Sain*, 16 Ill. 2d 321, 157 N.E.2d 417.) We believe the relator sustained his burden of proof and the evidence shows beyond a reasonable doubt that he was not a fugitive from justice from the demanding state.

For the foregoing reasons, we believe the Circuit Court of Rock Island County erred in denying relator's petition and accordingly, the judgment of said Court is reversed and remanded with directions that the relief sought by relator be granted.

Reversed and remanded with directions.

ALLOY, P. J., and DIXON, J., concur.