## STATE EX REL. JERRY W. RHODES v. DONALD OMODT.

218 N. W. 2d 461.

May 17, 1974—No. 44275.

*C. Paul Jones,* State Public Defender, and *Mark W. Peterson,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Theodore R. Rix, Michael McGlennen,* and *Vernon E. Bergstrom,* Assistant County Attorneys, for respondent, county sheriff.

MacLaughlin, Justice.

This is an extradition proceeding in which the governor of Minnesota, in response to a demand by the governor of the State

of Pennsylvania, has issued a rendition warrant for petitioner's surrender to Pennsylvania authorities for trial on burglary charges arising out of burglaries petitioner allegedly committed in Harrisburg, Pennsylvania, on or about October 4, 8, and 10, 1971. The only issue on this appeal by petitioner from an order quashing a writ of habeas corpus is whether petitioner sustained his burden of proving by clear and satisfactory evidence that he was not present in the State of Pennsylvania at the time of the alleged offenses. We hold that petitioner did not sustain his burden and therefore affirm the order of the trial court.

In State v. Limberg, 274 Minn. 31, 36, 142 N. W. 2d 563, 566 (1966), we established the burden of proof imposed upon a person challenging extradition on the ground that he was not present in the demanding state at the time of the offense:

"* * * Where the person whose extradition is sought does present evidence of his absence from the demanding state, the presumptive effect of the rendition warrant places the burden upon him to prove his absence. That burden is a strenuous one, not being satisfied by a mere preponderance of the evidence, but requiring evidence that 'clearly and satisfactorily' or 'conclusively' proves absence."

In Limberg, we also established that when a petitioner positively and unequivocally testifies that he was not present in the demanding state, the state must present some evidence, however minimal, to contradict that declaration.

In this case petitioner testified positively and unequivocally that he was in Minnesota and not in Pennsylvania at the time that the burglaries with which he is charged were committed and that he did not return to Pennsylvania until near the end of October 1971. Additionally, petitioner called two corroborative witnesses, one of whom, Sidney Gumm, testified that petitioner resided with him and one Ann Carpenter at a certain apartment building in Minneapolis during the relevant time period.

The state, in rebuttal, produced the owner of the apartment

building, who testified that his records did not show that petitioner, Gumm, or Carpenter had lived in any of his apartments that year. The state also called a law enforcement officer from Pennsylvania who testified that he saw and talked with petitioner in Pennsylvania on October 11, 1971, the day after the commission of one of the crimes charged.

We agree with petitioner that because of the testimony he produced the state had a minimal burden of presenting some evidence to contradict petitioner. We do not agree with petitioner's contention that the state did not meet this minimal burden.[1] Once the state had presented its testimony, petitioner thereafter had the overall burden, which is a strong one, of proving his absence from the demanding state. We hold that the district court did not err in concluding that petitioner did not sustain this burden.

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.

---

[1] Petitioner relies upon State ex rel. Wagner v. Hedman, 292 Minn. 358, 195 N. W. 2d 420 (1972). However, the facts in that case are completely distinguishable from the facts herein.