**STATE of Minnesota, Respondent,**

v.

**Frank A. DRAGER, Jr., Appellant.**

**No. 48440.**

Supreme Court of Minnesota.

March 31, 1978.

Frank A. Drager, Jr., pro se.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen. and Craig H. Forsman, Sp. Asst. Atty. Gen., St. Paul, Thomas J. Ryan, County Atty., Pine City, for respondent.

PER CURIAM.

Petitioner, Frank A. Drager, Jr., appeals from the order of the district court denying his petition for a writ of habeas corpus. We affirm.

Petitioner was first in this state on June 28, 1977, when he was transferred to the Sandstone Federal Correctional Institution, Sandstone, Minnesota, to serve a 4-year sentence. The record indicates that while

so confined he was served with three separate detainers originating in North Las Vegas, Nevada; Dade County, Florida; and Las Vegas, Nevada. It would appear that all charges were based upon indictments for felony and gross misdemeanor offenses.

On October 11, 1977, petitioner was informed of his imminent release from Sandstone. Immediately after the release on October 21, 1977, he was arrested by the Pine County Sheriff pursuant to a complaint issued on September 14, 1976, by the North Las Vegas Justice Court. Thereafter, on November 14, 1977, the governor of the State of Nevada issued a demand for petitioner's extradition to that state for trial. Petitioner challenged the extradition by the petition for the writ of habeas corpus.

In support of the petition, the district court was presented with petitioner's rather extensive history of incarceration to support his assertions that there were substantial procedural defects in the issuance and service of the outstanding detainers, despite his availability for service. The district court denied the petition.

The sole issue for our determination is whether the procedural and constitutional questions raised by petitioner are proper subjects of review in this state prior to the extradition of petitioner pursuant to the rendition warrant.

 In *State ex rel. Gegenfurtner v. Granquist,* 271 Minn. 207, 135 N.W.2d 447 (1965), this court set forth four grounds upon which extradition could be challenged. Petitioner's assertions do not fall within the enumerated grounds and instead center upon the alleged violations by various foreign state officials of his constitutional right to be informed of the existence and precise nature of all charges pending against him and to have a speedy trial on those charges. The cumulative authority in matters of this nature requires the conclusion that the assertion of a violation of constitutional rights by the demanding state must be raised in the courts of that state, rather than in the asylum state. See, *State v. Bailey,* Minn., 262 N.W.2d 406 (1977); *Gayles v. Hedman,* 309 Minn. 289,

244 N.W.2d 154 (1976); *In re Petition of Garritson,* 304 Minn. 133, 229 N.W.2d 36 (1975).

The decision of the district court denying the petition for a writ of habeas corpus is therefore affirmed.

Affirmed.