# GILBERT LAWRENCE CLARK *v.* WARDEN, BALTIMORE CITY JAIL

[No. 727, September Term, 1977.]

*Decided May 10, 1978.*

The cause was argued before MOYLAN, MASON and COUCH, JJ.

*Mark Colvin, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Maria A. Kendro, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Floyd D. Pond, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

This is an appeal from the Baltimore City Court ordering the extradition of appellant, Gilbert Lawrence Clark, to the Commonwealth of Pennsylvania. At the hearing below, appellant testified that he was in Baltimore and not in Pennsylvania on the date the crimes for which he was charged were committed. His testimony was corroborated by two witnesses, his father and a friend. The only evidence introduced on behalf of the demanding state were the following documents: (1) the Commonwealth of Pennsylvania's warrant of requisition; (2) the Commonwealth of Pennsylvania's warrant of arrest and indictment; (3) the State of Maryland's warrant of rendition. These documents showed that appellant was charged with the commission of robbery and related crimes in Pennsylvania on April 15, 1976.

On appeal appellant argues, in effect, that because no oral evidence was produced on behalf of the demanding state to rebut his testimony that he was not present in Pennsylvania on the date of the alleged crime, the trial court erred in denying his petition for writ of habeas corpus.

It is settled law in this State that:

> The issuance of a warrant of rendition by the Governor of the asylum state raises a presumption that the accused is the fugitive wanted and it is sufficient to justify his arrest, detention and delivery to the demanding state. . . . In order to rebut the presumption the accused must prove *beyond a reasonable doubt* either that he was not present in the demanding state at the time of the alleged offense or that he was not the person named in the warrant, and upon proof of the one or the other he is entitled to be released. Moreover, in this kind of

> habeas corpus proceeding "[t]he guilt or innocence of the accused may not be inquired into * * * except as it may be involved in identifying the person * * * charged with the crime." Code, Art. 41, § 34 (1965 Repl. Vol.). It should be noted also that the presumption must be rebutted by "overwhelming" evidence, . . . thus "[m]ere contradictory evidence on the question of presence in or absence from the state demanding the accused is not sufficient * * *."

*Solomon v. Warden,* 256 Md. 297, 300-01 (1969). (Citations omitted).

As to the issue of whether oral evidence is necessary to rebut the testimony of the accused, as argued by appellant, the authorities are in conflict.

The leading case *requiring oral evidence* in rebuttal in such a situation is *State v. Limberg,* 274 Minn. 31, 142 N.W.2d 563 (1966). In that case the testimony of the accused that he was not in the demanding state was not rebutted by any contradictory testimony. The precise question before the Supreme Court of Minnesota was:

> Is the presumptive effect of the rendition warrant when supported by affidavits accompanying the demand for extradition sufficient in itself to repel the positive testimony of the appellant that he was not present in the demanding state? Stated another way: When the appellant takes the stand, and, while under oath and subject to cross-examination, positively declares that he was not present in the demanding state, must the demanding state present some testimony to contradict that declaration or may it merely rest upon the extradition papers and the affidavits therein?

In answering this question, the Court stated:

> We agree that no useful purpose is served by unduly restricting extradition since the ultimate question of guilt or innocence can only be determined in the demanding state. Nevertheless, having in

mind the expense, inconvenience, and jeopardy involved in defending against a criminal charge in another state, we hold that where an appellant positively and unequivocally testifies that he was not present in the demanding state at the time of the alleged offense, that state must present some testimony that will be subject to cross-examination by appellant's counsel to support the allegation that he was present. This ruling places but little burden upon the demanding state because our decisions require only slight evidence to support the rendition warrant.

142 N.W.2d at 567. *Accord, State Ex rel. Rhodes v. Omodt,* 300 Minn. 129, 218 N.W.2d 461 (1974); *State Ex rel. Wagner v. Hedman,* 292 Minn. 358, 195 N.W.2d 420 (1972). *See Commonwealth v. Allen,* 224 Pa. Super. 157, 303 A. 2d 54 (1973) (Dissenting Opinion).

In *Nelson v. People,* 11 Ill. App.3d 1092, 297 N.E.2d 172 (1973) the State introduced the governor's warrant as its authority for holding the accused; thereafter the accused testified that he was not in the demanding state when the alleged crime was committed. Six other witnesses testified on behalf of the accused, and the State presented no evidence in rebuttal. The Appellate Court of Illinois stated:

Since the [State] introduced no evidence other than the extradition warrant and did not refute the credibility of the testimony offered by the [accused], we conclude that the [State] believed the extradition warrant itself was sufficient to create contradictory factual issues. We do not believe this position is tenable, since if true, the effect would be to give the warrant a conclusive presumption since in all cases the evidence would be merely contradictory. . . . We believe the [accused] sustained his burden of proof and the evidence shows beyond a reasonable doubt that he was not a fugitive from justice from the demanding state.

297 N.E.2d at 173-74.

On the other hand, the leading case adopting the view that *oral evidence is not necessary* to rebut the testimony of an accused that he was not in the demanding state is *Smith v. State of Idaho*, 373 F. 2d 149 (9th Cir. 1967). There the accused sought another extradition hearing on the basis of newly uncovered evidence which purportedly showed that he was not present in the demanding state when his wife was murdered. At the prior evidentiary hearing, the State introduced a copy of the rendition warrant and the affidavits of several residents of the demanding state which indicated the accused was present on or about the time the offense was committed. Regarding the new evidence, which the accused sought to offer, the United States Court of Appeals, Ninth Circuit held at 373 F. 2d 156-57:

> Even if all of the individuals listed by appellant claimed to have seen him in Oklahoma on or about October 26, 1961, this would present only a conflict in the evidence. *For extradition purposes, such a conflict is not enough to release the accused. . . .*
>
> Admittedly, the prisoner held for extradition has a heavy burden of proof. But this arises legitimately from the nature of an extradition proceeding, since essentially the court is reviewing the factual determination of the governor as to the presence of the accused in the demanding state, and the guilt or innocence of the accused is not in question.
>
> > "The inquiry whether the appellant is a fugitive from justice is one of fact, to be resolved by the [governor] to whom the demand for extradition is made, and his judgment thereon is not subject to judicial impeachment by habeas corpus unless it conclusively appears that the person sought to be extradited could not be a fugitive from justice under the law."
>
> The testimony of appellant's proposed witnesses, by deposition or otherwise, would not incontrovertibly establish that appellant was not within Missouri on or about October 26, 1961. . . . The

conflicting evidence appellant wishes to introduce can be fully explored and resolved at trial. (Citations omitted). (Emphasis supplied).

Of similar import see *Hill v. Houck,* 195 N.W.2d 692, 698 (Iowa, 1972) where the court said:

[W]e hold neither the federal statute quoted nor section 759.3, The Code, requires that the demanding state present oral testimony under the circumstances developed in the case before us to contradict the accused's evidence he was not present in the demanding state.

*See also Thurman v. State,* 223 N.W.2d 248 (Iowa 1974), where the court said it is unnecessary to produce oral evidence to refute petitioner's denial of presence in the demanding state. *Accord Norton v. State,* 93 Idaho 648, 470 P. 2d 413 (1970); *In Re Baker,* 310 Mass. 724, 39 N.E.2d 762 (1942); *Ex parte Germain,* 258 Mass. 289, 155 N. E. 12 (1927); *Ex Parte Hatfield,* 90 Tex. Crim. App. 293, 235 S. W. 591 (1921).

In *Smith v. State of Idaho, supra,* the accused further argued that the use of ex parte affidavits was improper to prove substantive facts in a habeas corpus proceeding since these facts were not subject to cross-examination. In resolving this issue the court observed:

The use of such affidavits in extradition proceedings has long been allowed.

\* \* \*

The reason for allowing such hearsay evidence is sound — that in extradition proceedings, it is often impractical to transport the witnesses from the demanding to the asylum state to have their testimony in person.

373 F. 2d at 157.

Although the precise question at issue in the present case has never been raised in the appellate courts of Maryland, it has been answered. In *Koprivich v. Warden,* 234 Md. 465

(1964), four documents were admitted into evidence on behalf of the demanding state. These were (1) the indictment; (2) the arrest warrant together with the affidavit on which it was based; (3) a certified copy of the grand jury testimony; (4) a photograph and affidavit identifying appellant as the person charged in the indictment. Appellant and four witnesses testified that he was not in the demanding state at the time the crime was committed. There was no contradictory testimony by any witness on behalf of the demanding state to rebut the testimony of appellant and his witnesses. Koprivich argued that the documentary evidence was inadmissible; whereas appellant here argues that the documentary evidence, without more, is insufficient to justify denial of habeas relief. The *Koprivich* Court, in addition to holding that the strict rules of evidence were not applicable in extradition proceedings, held:

> We have consistently held that the finding by the chief executive of the asylum state that the person whose extradition is demanded is a fugitive from justice and the issuance of the warrant of rendition "raises a presumption that the accused is the fugitive wanted, sufficient if unrebutted, to justify his arrest and detention and his delivery to the agent of the demanding state; unless he shows beyond a reasonable doubt that he was not a fugitive; if he does, he is entitled to his release." Mere contradictory evidence on the question of presence in or absence from the state demanding the accused is not sufficient to overcome the presumption.
>
> * * *
>
> Clearly the evidence produced at the *habeas corpus* hearing was not such as showed beyond a reasonable doubt that the otherwise controlling presumption had been overcome. The record presents "only a conflict of evidence" as to whether the appellant was in St. Clairesville, Ohio, or Baltimore, Maryland, on the evening of November 22, 1961.

*Id.* at 469-70. (Citations omitted).

In *Shields v. State,* 257 Md. 384 (1970) it was said:

> The normal rules of evidence and procedure do not apply in an extradition hearing. Frequently such hearings proceed on affidavits where the opportunity to confront, cross-examine and impeach obviously is not present.

*Id.* at 390. (Citations omitted).

*Koprivich* and *Shields,* establish that the rule in Maryland is that oral evidence is not necessary in an extradition proceeding to rebut the testimony of the accused that he was not present in the demanding state at the time of the offense. Accordingly, we perceive no error by the trial court in not requiring the State to present oral evidence to rebut the testimony of appellant and his witnesses.

We utter a word of caution. This opinion does not purport to hold that the trial judge can arbitrarily disregard evidence presented by the accused. Once the accused presents evidence of absence from the demanding state, the court must evaluate all evidence presented and determine whether, on balance, the accused has met his burden. If the court finds that the accused failed to carry his burden of proof, because it disbelieved the witnesses, the better practice would be to enter a specific finding to that effect. *See Walton v. State,* 98 Idaho 442, 566 P. 2d 765 (1977).

> *Order affirmed.*
> *Costs to be paid by appellant.*