THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEAN CHRISTOPHER RYAN, Defendant-Appellant.

Third District  No. 3—84—0058

Opinion filed January 4, 1985.

William G. Schick, of Rock Island, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The petitioner-appellant, Dean Ryan, responded to a telephone call on November 2, 1982, to go to the Moline police department and was placed under arrest as a fugitive from Pima County, Arizona. He was then photographed and fingerprinted. On the same day, a complaint was signed charging petitioner with being a fugitive from justice from the State of Arizona in violation of section 13 of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1981, ch. 60, par. 30). The following day, petitioner appeared in court and posted bond. On November 5, 1982, petitioner advised the court of his intention to resist extradition and subsequently filed a petition for writ of *habeas corpus*. After considerable delay, the hearing on this petition was held November 29, 1983.

At this hearing, petitioner's request for judgment by default for failure of the State to file a responsive pleading was denied. The trial

court then allowed into evidence People's exhibit No. 1, which includes a Governor's warrant from the State of Arizona to the State of Illinois on Dean Ryan, and the photographs and fingerprint card for petitioner taken at the Moline police department. The Governor's warrant stated petitioner committed the crimes of (1) unlawful offer to sell narcotic drugs valued at more than $250; and (2) conspiracy. Petitioner produced three witnesses, including himself, who testified that he had never been in the State of Arizona and specifically was not in Arizona during the time of the alleged violations. The State offered no rebuttal evidence. The trial court then denied the petition for writ of *habeas corpus.* It is from this denial that the petitioner appeals.

The principal issue we need consider on appeal is whether the trial court erred in denying petitioner *habeas corpus* relief. Petitioner contends, *inter alia,* there are no supporting documents or evidence showing he was present in the State of Arizona at the time of the commission of the crime; the demand does not comply with Federal/ State law because it does not include a certified copy of the indictment from Arizona; and he presented unrebutted testimony that he was not in Arizona at the time of the alleged crime.

■ An extradition warrant issued by the Governor of Illinois is properly admitted in evidence. (*People v. Lynch* (1959), 16 Ill. 2d 380, 158 N.E.2d 60.) Such a warrant, reciting the essential facts, affords a *prima facie* case that an accused is a fugitive from justice, thereby imposing upon him the burden of proving that his detention is illegal. (*People ex rel. Borelli v. Sain* (1959), 16 Ill. 2d 321, 157 N.E.2d 417.) To sustain a claim of illegal detention, this burden of proof is upon the accused to show that he is not substantially charged with an offense under the laws of the demanding State, that he is not the person charged with the offense in the demanding State, or that he is not a fugitive from justice. (*People ex rel. Douglas v. Woods* (1968), 39 Ill. 2d 381, 235 N.E.2d 601.) An accused person detained under a fugitive warrant may be judicially discharged only when it is so conclusively proved that no question can be made that the person was not in the demanding State when the crime is said to have been committed. *People ex rel. Garner v. Clutts* (1960), 20 Ill. 2d 447, 170 N.E.2d 538.

The petitioner testified that he had never been in the State of Arizona. Two other witnesses also testified to the same fact. The State's cross-examination of the two witnesses, other than the petitioner, only brought out the fact that they could not specifically remember being with petitioner on the 22nd or 23rd of September, 1982. The State presented no rebuttal evidence that petitioner was ever in the State of Arizona.

■ When the State introduces no evidence other than the extradition warrant and does not dispute the credibility of the petitioner's evidence that he was not in the demanding State at the time of the commission of the alleged crime, the extradition warrant itself is not sufficient to create contradictory factual issues. (*Nelson v. People* (1973), 11 Ill. App. 3d 1092, 297 N.E.2d 172.) In *Nelson,* we stated that if an extradition warrant was sufficient to create contradictory factual issues, "the effect would be to give the warrant a conclusive presumption since in all cases the evidence would be merely contradictory." (11 Ill. App. 3d 1092, 1094, 297 N.E.2d 172, 173.) As did the relator in *Nelson,* the petitioner in the present case sustained his burden of proof, and the evidence shows he was not a fugitive from justice from the demanding State.

The State argues, however, that even if section 13 of the Act (Ill. Rev. Stat. 1981, ch. 60, par. 30) is inapplicable, we should affirm the trial court's decision based instead on section 6 (Ill. Rev. Stat. 1981, ch. 60, par. 23). Pursuant to this provision, Illinois may extradite an individual without proof the individual was in the demanding State at the time the alleged offenses occurred, provided, however, the accused is charged in the demanding State with committing an act in Illinois or in a third State, intentionally resulting in a crime in the demanding State. The State cites *People v. Williams* (1979), 68 Ill. App. 3d 351, 386 N.E.2d 145, as authority for the application of section 6. *Williams* is, however, not persuasive. In *Williams,* the extradition demand contained inaccurate statements in the printed form declaring that the crime was committed in Alabama and the accused had fled from justice. The court held this was not a substantial defect mandating discharge and applied section 6. *Williams* is distinguishable from the case *sub judice,* because, in *Williams,* the application for extradition and all supporting documents stated that the basis of the demand was the relator's violation of parole caused by her conviction in Illinois of certain crimes. The only basis for the instant trial court's decision is the word "conspiracy" on the face of the Governor's warrant.

■ The same argument was made by the State and sustained by the court in *Papas v. Brown* (1980), 88 Ill. App. 3d 471, 410 N.E.2d 568. There, the accused presented evidence, through the testimony of witnesses, that he was not present in the demanding State during the time period covered by the information. The court found section 6 applicable because both the requisition warrant issued by the Governor of Indiana and the rendition warrant issued by the Governor of Illinois recited that the accused committed acts in Illinois which resulted in a crime in Indiana. *Papas* is, therefore, distinguishable from the

present case for the same reason *Williams* is distinguishable. We hold the mere mention of the term "conspiracy," standing alone, is insufficient to bring the proceeding within the scope of section 6.

■ Petitioner has also assigned as error the failure of the State to file a responsible pleading to his petition and prejudice occurring from the more than one-year delay in holding the hearing on his petition. While we do not approve of the procedural deficiencies or delay, we nevertheless find they do not constitute reversible error. See *Raimondo v. Pavkovic* (1982), 107 Ill. App. 3d 226, 437 N.E.2d 712.

Accordingly, the order of the circuit court of Rock Island County denying the petition for writ of *habeas corpus* is reversed and remanded with directions that the petitioner be discharged from custody.

Reversed and remanded.

HEIPLE and BARRY, JJ., concur.