529 N.W.2d 346 (1995)
Efrain Zelaya PEREZ, Petitioner, Appellant,
v.
SHERIFF OF WATONWAN COUNTY, Respondent.
No. C7-94-1544.
Court of Appeals of Minnesota.
March 7, 1995.
*348 John M. Stuart, Minnesota State Public Defender, Charlann Winking, Asst. State Public Defender, Minneapolis, for appellant.
Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Asst. Atty. Gen., St. Paul, Daniel A. Birkholz, Watonwan County Atty., St. James, for respondent.
Considered and decided by DAVIES, P.J., HUSPENI and FOLEY[*], JJ.

OPINION
DANIEL F. FOLEY, Judge.
Appellant Efrain Perez was charged with five counts of sexual abuse of a minor in Los Angeles County, California. Perez challenges the trial court's denial of his petition for a writ of habeas corpus, arguing the trial court erred in denying him an opportunity to present evidence on the issues underlying his extradition warrant. We affirm.

FACTS
Appellant was charged in Los Angeles County, California, with five counts of sexual abuse against a minor, committed between December 1987 and March 1991. Appellant was arrested in Watonwan County, Minnesota on March 25, 1994. At his first court appearance, appellant requested an extradition hearing.
A fugitive complaint against appellant was issued on March 30, 1994, pursuant to Minn. Stat. § 629.13. At a hearing on April 4, 1994, appellant's counsel again requested an extradition hearing and also requested 30 days in which to prepare. An amended complaint and arrest warrant were subsequently issued on April 12, 1994.
At a hearing on May 2, 1994, appellant refused to execute a written waiver of extradition. Appellant's counsel requested that the state prove appellant was in California at the time of the alleged crimes. The state then called the alleged victim, 17-year-old K.P., to testify. K.P. identified appellant as her mother's boyfriend, and related that appellant had lived with her family in Los Angeles County from December 1987 to May 1992. K.P. testified that appellant had sexually abused her numerous times between December 1987 and March 1991, when K.P. was between 12 and 15 years of age. Appellant did not cross-examine K.P. Following K.P.'s testimony, the trial court granted the state's motion for a 60-day continuance to complete the extradition paperwork.
The Governor of California issued a requisition warrant for appellant's extradition on May 9, 1994. The Governor of Minnesota issued a rendition warrant honoring the demand on May 20. Following receipt of the extradition papers, the trial court issued an order on May 26 finding that: (1) appellant is the individual for whom extradition is sought pursuant to the California Governor's demand and the Minnesota Governor's rendition warrants; and (2) appellant was in the State of California on the dates of the alleged crimes.
Appellant appeared before the trial court on June 9 and was advised of the California charges and the demand for his extradition. Appellant's counsel requested a reasonable amount of time to apply for a writ of habeas corpus. The trial court ruled that any further challenge to the extradition would be limited to the question of whether the papers were in order.
Appellant filed a petition for a writ of habeas corpus on June 15. Appellant challenged his extradition on the grounds that: (1) the extradition papers on their face are not in order; (2) appellant denies his presence or participation in the alleged crimes in the demanding state; (3) appellant is not the person named in the rendition warrant; and (4) service of the requisition warrant and rendition warrant denied appellant due process of law.
The trial court conducted a hearing on the petition on June 21. The trial court reaffirmed its previous order that further testimony on the issues of identity and presence in the demanding state was not proper. The *349 trial court discharged the writ, ruling that the rendition warrant is proper and that appellant may be extradited to California. The trial court issued its written order on June 29, but stayed the order for 30 days pending appeal.

ISSUE
Did the trial court err in denying appellant's habeas corpus petition without allowing appellant an opportunity to relitigate the issues of his identity and presence in the demanding state?

ANALYSIS
Once a governor has granted extradition, the court considering a habeas corpus petition is limited to deciding:
(1) whether the extradition documents on their face are in order;
(2) whether the petitioner has been charged with a crime in the demanding state;
(3) whether the petitioner is the person named in the demand; and
(4) whether the petitioner was present in the demanding state at the time the alleged offense was committed.
See Michigan v. Doran, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978); State v. Granquist, 271 Minn. 207, 209, 135 N.W.2d 447, 448-49 (1965). "The findings of a trial court considering a petition for writ of habeas corpus are entitled to great weight." State v. Ross, 472 N.W.2d 185, 186 (Minn. App.1991) (citing State v. Tahash, 281 Minn. 467, 474-75, 161 N.W.2d 826, 832 (1968)). In an extradition case, a finding by the trial court that the habeas corpus petitioner has failed to meet his burden of proof should be affirmed unless clearly erroneous. State v. Tahash, 261 Minn. 252, 259, 112 N.W.2d 37, 41 (1961).
Appellant argues that, even though K.P. testified at the first hearing as to appellant's identity and presence in the demanding state, and appellant failed to cross-examine K.P., appellant should nevertheless have been given the opportunity to present evidence on those issues at the hearing on his habeas corpus petition. We disagree.
The governor's rendition warrant is presumptive evidence that appellant is a fugitive, and the burden is on appellant to establish that he was not in the demanding state when the crimes were committed. In re Sanders, 154 Minn. 41, 43, 191 N.W. 391 (1922). This burden is not satisfied by a preponderance of the evidence, but requires evidence which "conclusively" proves appellant was absent. State v. Limberg, 274 Minn. 31, 36, 142 N.W.2d 563, 566-67 (1966). Even if an alleged fugitive were to testify unequivocally that he was not in the demanding state at the relevant time, the state would only have to present some testimony, subject to cross-examination, in order to support extradition. Id. at 37, 142 N.W.2d at 567. Only "slight" evidence would be required to rebut the alleged fugitive's testimony. Id. The trial court determined correctly that K.P.'s testimony was sufficient to establish appellant's identity and presence in the demanding state.
While the submission of K.P.'s testimony before the issuance of the rendition warrant or the filing of the habeas corpus petition was procedurally irregular, this irregularity is not fatal to the proceedings. See Garritson v. State, 304 Minn. 133, 133-34, 229 N.W.2d 36, 37 (1975) (habeas corpus petition filed and extradition hearing held before issuance of governor's warrant); see also State v. Zacharias, 410 N.W.2d 56, 58 (Minn.App.1987), pet. for rev. denied (Minn. Sept. 29, 1987) (rendition warrant was not before trial court). This irregularity was not prejudicial to appellant because the initial hearing, where K.P. testified, was held at appellant's request. Appellant asked for, and received, 30 days to prepare. At the hearing, appellant's counsel asked the state to prove appellant was in California at the time of the alleged crimes. Appellant made no objection to receiving K.P.'s testimony at that time, and chose not to cross-examine her. Appellant also made no objection when the trial court made its findings on appellant's identity and presence in California issues based on K.P.'s testimony. An extradition hearing is a summary proceeding. See Garritson, 304 Minn. at 136, 229 N.W.2d at *350 38. Appellant should not be allowed to raise these questions anew at a second hearing.

DECISION
The trial court did not err in denying appellant's petition for a writ of habeas corpus.
Affirmed.
NOTES
[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.