**STATE of Minnesota, ex rel. Kenneth Gene ENGEL, Appellant,**

v.

**Robert FLETCHER, Ramsey County Sheriff, Respondent.**

No. C1–02–1778.

Court of Appeals of Minnesota.

April 15, 2003.

John Stuart, State Public Defender, Davi E. Axelson, Assistant State Public Defender, Minneapolis, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN, and Susan Gaertner, Ramsey County Attorney, Darrell C. Hill, Assistant County Attorney, St. Paul, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge, SHUMAKER, Judge, and WRIGHT, Judge.

## OPINION

WRIGHT, Judge.

On appeal from a judgment denying a petition for a writ of habeas corpus challenging his extradition to Wisconsin, appellant Kenneth Engel argues that the demand for extradition contained incorrect and contradictory information. We affirm.

## FACTS

On February 16, 2001, appellant Kenneth Gene Engel pleaded guilty to a burglary offense committed in December 1999 in Douglas County, Wisconsin. Engel entered his plea in conjunction with a "deferred judgment" agreement. The agreement provided that entry of the judgment of conviction would be withheld and, in return for Engel's payment of restitution to the burglary victim, the burglary charge would be dismissed with prejudice. If Engel failed to pay restitution, however, the judgment of conviction would be entered and Engel would be sentenced.

Engel made only one restitution payment. When Engel failed to make additional payments, the State of Wisconsin moved for entry of judgment of conviction, and a hearing was scheduled. When Engel failed to appear for the hearing, a bench warrant for his arrest was issued.

Engel was arrested in Minnesota on May 22, 2002. Two days later, he was charged by complaint with being a fugitive from justice, in violation of Minn.Stat. § 629.13 (2000). The Governor of Wisconsin issued a requisition warrant, requesting Engel's return to Wisconsin. Subsequently, the Governor of Minnesota issued a rendition warrant providing for the return of Engel to Wisconsin.

Engel filed a petition for a writ of habeas corpus, challenging his extradition on the basis that his extradition papers are not in proper form. The district court denied Engel's petition, and this appeal followed.

## ISSUE

Did the district court properly deny appellant's petition for a writ of habeas corpus?

## ANALYSIS

A writ of habeas corpus is a statutory civil remedy available "to obtain relief from [unlawful] imprisonment or restraint." Minn.Stat. § 589.01 (2002). In reviewing an order denying a petition for a writ of habeas corpus, this court gives "great weight" to the district court's findings of fact and "will uphold the findings if they are reasonably supported by the evidence." *Northwest v. LaFleur*, 583 N.W.2d 589, 591 (Minn.App.1998) (citations omitted), *review denied* (Minn. Nov. 17, 1998). We review questions of law de

novo. *State ex rel. McMaster v. Benson,* 495 N.W.2d 613, 614 (Minn.App.1993), *review denied* (Minn. Mar. 11, 1993). The parties do not dispute the district court's findings. Thus, the remaining issues for our review are questions of law.

When a person accused of committing a crime in one state is subsequently arrested in another state, the extradition clause of the United States Constitution mandates that the asylum state deliver that person to the demanding state upon proper demand. *See* U.S. Const. art. IV, § 2, cl. 2; *see also State v. Phillips,* 587 N.W.2d 29, 33 (Minn. 1998).

> The purpose of the extradition clause is to prevent some states from becoming havens for fugitives from other states and to "enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed."

*Phillips,* 587 N.W.2d at 33 (quoting *Michigan v. Doran,* 439 U.S. 282, 287, 99 S.Ct. 530, 534, 58 L.Ed.2d 521 (1978)).

> Once a governor has granted extradition, the court considering a habeas corpus petition is limited to deciding:
>
> (1) whether the extradition documents on their face are in order;
>
> (2) whether the petitioner has been charged with a crime in the demanding state;
>
> (3) whether the petitioner is the person named in the demand; and
>
> (4) whether the petitioner was present in the demanding state at the time the alleged offense was committed.

*Perez v. Sheriff of Watonwan County,* 529 N.W.2d 346, 349 (Minn.App.1995) (citing *Doran,* 439 U.S. at 289, 99 S.Ct. at 535) (other citation omitted). Although Engel's argument explicitly challenges the first prong—whether the extradition documents

are in order—in substance he also challenges the second prong. Engel asserts that the extradition documents are not in proper order because they contain incorrect and factually inconsistent statements. Engel asserts that, because he has already pleaded guilty to the burglary offense, the extradition documents are incorrect in stating that he "stands charged" with a burglary offense and should be delivered to Wisconsin for trial.

The nature of the Wisconsin proceedings guides our analysis here. The district court correctly determined that Engel's case "is still pending and awaiting adjudication," because the entry of judgment of conviction was deferred. Engel has not been convicted of burglary, nor has the burglary charge been resolved, because of the deferral of judgment. *See, e.g., State v. Barney,* 213 Wis.2d 344, 570 N.W.2d 731 (Wis.1997) (outlining breach of agreement where court agreed to defer judgment of conviction for sexual assault if defendant complied with conditions, and where breach resulted in entry of conviction and sentencing). Without the entry of judgment, Engel's guilty plea alone does not transform the charge into a conviction.

Citing *State ex rel. Walker v. Ramsey County Dist. Court,* 368 N.W.2d 28 (Minn. App.1985), Engel argues that incorrect and contradictory information in the rendition warrant makes extradition improper. But the type of erroneous information in *Walker* is not present in this case. In *Walker,* we reversed the district court's denial of the writ, because the extradition papers incorrectly stated that the appellant was in the state seeking extradition (New Mexico) at the time of the offense. *Id.* at 30–31. Here, the extradition papers are not factually incorrect.

For the purposes of extradition, Engel "stands charged" with burglary. Even though the procedural posture of Engel's

case will not require him to stand trial, his return for the adjudication of guilt and entry of judgment is sufficiently analogous to justify extradition. Because Engel's guilty plea has not been accepted and judgment of conviction has not been entered, it is clear that the case is not final. Engel must appear for conviction and sentencing. We, therefore, conclude that the description in the extradition papers of the posture of Engel's case does not constitute "incorrect and contradictory information" of the type that required granting the writ in *Walker*. Engel's extradition is directly aligned with one of the purposes of extradition—to prevent Minnesota from being a haven for Engel to evade Wisconsin's justice system. And by allowing Engel to be delivered to face the legal consequences of his offense, his extradition is likewise in concert with the second purpose of extradition.

■ Engel next argues that Wisconsin is seeking his extradition for an improper purpose—to collect restitution. We are unpersuaded. Engel's extradition was sought when he failed to appear for a hearing in which his conviction was to be entered, because he failed to satisfy the conditions of the deferred-judgment agreement. Although restitution is the unsatisfied condition that invalidates the deferred-judgment agreement, Engel is not being extradited to collect restitution. He is being extradited to face the legal consequences of his offense—conviction and sentencing.

Again, Engel's reliance on *Walker* is misplaced. Even if payment of restitution were the purpose of the extradition, we conclude that Engel has no legal support for his argument. The *Walker* court indicated that extradition is not a proper means to collect a civil debt. *Walker*, 368 N.W.2d at 31. *Walker's* discussion of civil-debt collection is not applicable here,

where restitution arising from a criminal proceeding is at issue, not a civil debt. *State v. Davis*, 127 Wis.2d 486, 499, 381 N.W.2d 333, 339 (Wis.1986) (distinguishing restitution from civil debt); *cf. State v. Reinke*, 398 N.W.2d 53, 54 (Minn.App. 1986) (holding that *Walker's* discussion of "extradition for collection of private debts is not dispositive and we do not consider it controlling."). Engel's claim that his extradition is for an improper purpose is not supported by the facts of this case or by any legal authority.

■ Engel also raises pro se claims, two of which warrant discussion. He first argues that the district court erred by admitting evidence of which the state had not provided Engel notice. On this basis, Engel asserts that admission of the transcript from his February 16, 2001, plea hearing is reversible error. Even if admission of the transcript were error, it was not prejudicial, because it established the same undisputed facts as those offered in testimony by the state's witness, namely that Engel had been charged with burglary in Wisconsin.

■ Engel also argues that his guilty plea was defective, because he was not under oath when he pleaded guilty, and there was no factual basis to support the plea. This argument, however, does not defeat extradition where the issue is simply whether Engel stands charged with a crime, not the validity of his guilty plea.

## DECISION

Because Engel "stands charged" with the Wisconsin burglary and Engel's pro se claims do not warrant relief, the district court properly denied Engel's petition for a writ of habeas corpus.

**Affirmed.**